JOHN DOOLITTLE & OTHERS *v.* BELA HOLTON.

[ THIS CASE WAS DECIDED IN 1853.]

*Ejectment. Sale of Real Estate and Reversion of Widow's dower by administrator ; presumptions in favor of the proceedings.*

The question of presumption, in favor of the proceedings of an administrator, in the sale of real estate, should be submitted to the jury as an open question for them to determine, according to their view of the facts, and if not so submitted it is error.

As a general rule one presumption is not allowed to be based upon another.

EJECTMENT for certain lands in Lyndon.

Plea, the general issue, and trial by jury.

On the trial the plaintiffs offered in evidence :

1. A copy of a deed from Calvin Doolittle to Jesse Doolittle, dated February 12, 1797, of certain lands in Lyndon, including the land in controversy.

2. Copies of certain probate records, relating to the settlement of the estate of said Jesse Doolittle ; and particularly the granting of letters of administration on said estate to Riverius Burt, Feb. 24, 1807.

The appointment of William Cahoon and two others as a committee to set out dower in said estate to Eunice Doolittle, the widow of said Jesse Doolittle, Aug. 10, 1809 ; the warrant to said committee of the same date ; and also the return made by the said committee, dated Aug. 11, 1809. Also the returns of the appraisers and commissioners on the estate of the said Jesse Doolittle.

3. A copy of a deed from Eunice Doolittle to Oliver Doolittle, dated Oct. 30, 1810, of the land set out for her dower.

4. Copy of a deed, Oliver Doolittle to John Way, dated May 21, 1814.

5. Copy of a deed, John Way to William Way, dated Nov. 4, 1816.

6. Copy of a deed, John Way to William Way, dated Nov. 14, 1825.

7. Copy of a deed, William Way to Bela Holton, (the defendant) and Bela Holton, Jr., dated May 30, 1833.

The plaintiffs then proved that John and Lucius Doolittle, and Eunice Marsh, wife of John Marsh, (the plaintiffs in this suit,) were the only children and heirs of the said Jesse Doolittle, and the marriage of John Marsh to said Eunice ; and also proved that Eunice Doolittle, the widow of said Jesse Doolittle, died in December, 1848.

The possession of the defendant was admitted.

The defendant then offered in evidence all the records and original files in the probate office for the District of Caledonia, relating to the settlement of the estate of said Jesse Doolittle, particularly an order of said court extending the time allowed the administrator to settle the estate, for six months, made Feb. 19, 1809 ; a license of said court to the administrator to sell the real estate, granted Oct. 11, 1809 ; the discharge of Riverius Burt, as administrator, and appointment of Nathaniel Jenks, *de bonis non* ; also the administrator's return of the sale of the real estate, including the reversion of the widow's dower, to Oliver Doolittle, Nov. 30, 1810.

And also the same deeds before given in evidence by the plaintiffs.

The defendant further proved, that immediately upon the execution of said deeds by Nathaniel Jenks, as administrator of Jesse Doolittle—and Eunice Doolittle to Oliver Doolittle, the said Oliver Doolittle went into possession of the lands described in said deeds, claiming to be the owner of the same, and that such possession and claim of title has been constantly and uninterrupt-. edly continued by him and his subsequent grantees, down to the present time.

The court,—POLAND, J., presiding,—charged the jury, that after so great a lapse of time, and long continued possession by the defendant, and those under whom he claims, under the title derived from said administrator's deed, they should presume that said administrator acted under a proper license from the probate court ; and that his proceedings in relation thereto, were regular and valid.

The jury returned a verdict for defendant.

Exceptions by plaintiffs to the charge as above detailed.

*Geo. C. Cahoon* for plaintiffs.

*T. Bartlett & Roberts* for defendant.

The opinion of the court was delivered by

REDFIELD, Ch. J. The court have found it difficult to come to a full agreement upon all the questions which might be raised in this case. But we think it better not to require a further argument in its present form, inasmuch as we agree that it is proper the case should be opened, and be remanded to the county court for a fuller investigation of the facts.

The case is in some of its leading features similar to *Hazard* v. *Martin,* 2 Vt. 77, but in many important particulars, in its present form, it is far more defective than that case. It may be true, that the reasoning of the judge in that case, when applied to the facts in this case, would justify the finding of the jury. But that case was decided upon the ground, that the question of presumption should be submitted to the discretion of the jury, as an open question, for them to determine, according to their view of the facts. And this does not seem to have been done in the present case. This alone is error, for which all the judges before whom the case has been argued agree the case should be opened. And we are not now agreed to sanction the reasoning of the judge, in the case of *Hazard* v. *Martin,* to the fullest extent, and much less are we prepared to overrule that case. A decision of that kind, upon a subject of such controlling influence, in regard to the title of property, after having been acquiesced in for more than twenty years, it seems to us should be regarded, as having acquired the force of law. And if it is law at all, it is law according to its obvious import, as the profession, and the people would naturally understand it, and in the *sense,* in which it may be presumed they have acquiesced in it. For after property has been held and transferred for a long course of years, in faith of a decision of this court deliberately made and reported, it seems little less than trifling to unsettle the same question again. It is but inviting perpetual discussion of the same question and destroying all confidence in the stability of the determinations of the court. It falls little short of a want of proper self-respect. It is what the same members of the court would never do, in regard to one of their own decisions, and *a fortiori,* it ought not to be done by their successors, except upon grounds of obvious ne-

cessity. The court are agreed in this. But still there is great room to question the extent of such a decision, in a case not precisely similar, in all respects. The question arises what facts of a group are to be regarded as controlling, or most conclusive of the right?

There is one very important fact in the case of *Hazard* v. *Martin*, which does not appear in the present case, that the administrator accounted fully for the money, which resulted from the sale. That fact alone is a decisive ground of acquiescence on the part of those receiving the money, and one which would be held binding upon them. And even though it were only received by the guardians of minor heirs, it would still be such an acquiescence in the disposition of the property as will bind them; perhaps some of the cases so hold. But this should regularly be shown, by some kind of positive proof, and not by mere presumption; ordinarily one presumption is not allowed to be based upon another. No doubt some proof still exists upon this point. And if so, it should certainly be put into the case. For it is a far more satisfactory ground of presumption, than the mere possession of the widow's thirds, which must be regarded as held under the widow's release of her right, until her death. And the acquiescence in the sale of the remainder of the estate, may be accounted for quite as naturally, upon the ground, that the price was adequate, and all which could have been expected, and therefore no resistance was made to it, or that it was, in all respects, regular; that a license existed which does not appear of *record*.

In regard to the validity of the order of sale of the real estate, this court, after such a lapse of time, and indeed, without that, would always incline to sustain the decision of the court, to whom the determination of the question belongs, unless it appeared from the record and proceedings, that the court made the order in a case not justifying such order, and thus went beyond their jurisdiction. In the present case, it is not *recited* that the order is made from the necessity of such sale to pay debts. But the amount of personal property, and of debts, render that highly probable, and we certainly could not presume against the order; we ought to make all fair and just presumptions in its favor. So, too, in regard to the requisite notice, the fact that the order is made, in such a case requiring such notice, is sufficient ground to pre-

sume the notice, and so in regard to the propriety of selling the whole estate. All preliminary proceedings, necessary to make a judgment regular, will be presumed to have existed. unless the contrary appear. *Corliss* v. *Corliss*, 8 Vt. 372, and an indefinite number of cases to the same effect. This is, indeed a universal rule, in regard to the judgments of courts of exclusive jurisdiction, like the courts of probate, and indeed all courts of general jurisdiction.

We forbear to say more, at this time, in regard to the presumption, in favor of the deed of reversion being regular, on account of the long possession of the land, when no right of entry accrued to these plaintiffs till December, 1849. It certainly, upon general principles, does not, at first view seem to be a very satisfactory ground of presuming against the plaintiffs, and still is the very ground upon which the court profess to go in *Hazard* v. *Martin*, and which this court may hereafter regard as decisive of the case, but which we are not prepared to do at this time. It is a vastly important subject, and we should desire to proceed with the utmost caution, and be sure we had the full case before us.

Judgment reversed, and case remanded.