Battle, J.
 

 The defendants objected to the plaintiff’s recovery, upon two grounds:
 

 1st. Because of an accord and satisfaction.
 

 2ndly. Because the plaintiff had purchased the life-estate of the defendant, Elizabeth Dupree, before the commencement of his action. .
 

 W e are of opinion that there was no evidence to support the first objection, and that, in law, the second is not tenable.
 

 
 *389
 
 1. The only testimony offered to prove the accord and satisfaction, was the treaty between the jjarties for the purchase of the defendant, Elizabeth’s, life estate, and the deed by which it was conveyed to the plaintiff, upon the payment of the juice by him. "We are unable to perceive any such necessary, or even probable, connection between that transaction, and the adjustment of the damages which the plaintiff had a right to claim for the injury done to the land by the defendants, as to make the one a settlement and compensation for the other. In all the cases cited*and relied upon by the counsel for the defendant, where one thing is presumed from another, the presumption is founded upon the principle that the one is ordinarily the consequence of the other.
 

 Thus, as it is common in England for the purchaser of goods to give 1ns note for the price, a note given after the purchase of goods is, in the absence of direct proof, presumed to have included the price of such goods.
 
 Motrie
 
 v. Harris, 1 Moody and Malkin, 322. So, an order for money is not usually left in the hands of the drawee, unless the money has been paid. Hence the jmssession of the order is admitted as evidence of the payment.
 
 Blount
 
 v.
 
 Starkey,
 
 Tay. Rep. 110. So, of all the other cases where such presumptions have been allowed; and they can never be safely admitted, unless observation and experience have shown that, in the large majority of instances, certain facts have caused, or been followed by certain results. Can it be shown from observation and experience that the purchase of a particular’ estate in land by a reversioner, or re-mainderman, usually embraces an adjustment of the claim for damages which the purchaser may have against the vendor ? Is it so in the analogous case of a purchase by a remainder-man of a life-estate in slaves, or other personal property ? It may, perhaps, be said, and said truly, that such instances are too rare for the production of any such cases. If so, it will be rather hazardous to lay down any rule of presumption on the subject. The fact might be so, or it might not be so. It is a mere matter of conj ecture, and conj ecture is no proof in favor of him who is boundto make proof.
 
 Sutton
 
 v. Madre, 2
 
 *390
 
 Jones’ Bep. 320.
 
 We,
 
 therefore, agree with his Honor that there was no evidence given in support of the plea of accord and satisfaction.
 

 2. The second objection is founded upon the idea that there must exist a particular estate, and a reversion at the time when the action is brought, as well as when the waste was committed. In support of this, the counsel for the defendants relies upon the authority of Co. Lit. 35 b., where it is said: “Note, after waste done, there is a special regard to be had to the continuance of the reversion in the same state that it was at the time of the waste done; for, if after the w'aste, he granteth it over, though he taketh back the whole estate again, yet is the waste dispunishable ; so if he grant the reversion to the use of himself and his wife, and of his heirs, yet the waste is dispunishable, and so of the like; because the estate of the reversion continueth not, but is altered, and consequently the action of waste for waste done before (which consists in privity) is gone.” The counsel referred also to the case of
 
 Bacon
 
 v.
 
 Smith,
 
 41 Eng. Com. Law Rep.
 
 57l,
 
 where PattbsoN, Judge, in remarking upon this passage, said “it had immediate reference to the old form of action, but the rule equally applies to an action on the case in the nature of waste.” It is unnecessary for us to enquire whether if the plaintiff, in the present case, had granted away his reversion, he could have maintained his action. If he could not, it would not be for the want of privity, simply because privity is not now necessary to the action on the case in the nature of waste. Instead of being confined, as the old action of waste was, to the owner of the inheritance against his immediate tenant for life, or years, it may be brought by a person in remainder or reversion for life, or years, as well as in fee, or in tail, and against a stranger as well as against a tenant. 2 Saund. Rep. 252, note
 
 7 ; Williams
 
 v.
 
 Lanier,
 
 Busb. Rep. 30 ;
 
 Dozier
 
 v.
 
 Gregory,
 
 1 Jones’ Rep. 100. It may be brought also in the tenuit against a tenant, after the term for life, or years, has expired.
 
 Kinlyside
 
 v. Thornton, 2 Black. Rep. 1111. Privity, then, not being essential to the maintenance
 
 *391
 
 of the action, we are not aware of any principle which forbids a suit by a remainderman or reversioner after the purchase by him of a particular estate, for waste done before.
 

 The coiinsel contends that the right to damages is an incident to the tenure, and that when the plaintiff has, by his own act, put an end to the tenure, the incident must be extinguished with it. But we have seen that the right to damages for the waste does not depend on the tenure, and, of course, the inference that it must cease with it, cannot be legitimately drawn.
 

 There is no error in the judgment, and it must be affirmed.
 

 Per CuriaM. Judgment affirmed.