LEVI PORONTO AND ESTELLA PORONTO *v.* JOHN SINNOTT.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 28, 1915.

*Easements—Rights of Way—Estoppel—Prescription—Evidence —"Exclusive Use"—Presumption on Presumption—Burden of Proof.*

An equitable estoppel is available only to one who acted in reliance on the facts asserted to work the estoppel.

It will be assumed on appeal, in support of the decree below, that there the court inferred from the facts found any fact fairly inferable therefrom and necessary to sustain the decree.

Facts found regarding a statement by one of defendant's grantors to one of plaintiff's grantors, prior to this grantor's purchase of plaintiff's farm, claimed to have been an admission of a right of way over defendant's farm in favor of plaintiff's farm, *held* not to warrant the inference that plaintiff's grantor relied on the ad-

mission in purchasing plaintiff's farm, so as to estop defendant to deny the existence of the right of way.

An easement by implied reservation can exist only when it is one of strict necessity.

Where for 45 years, openly and notoriously, without asking or receiving permission, the successive owners of a farm used a wood road over defendant's farm, with the full knowledge and acquiescence of defendant and his grantor, the presumption is that the use was under a claim of right; but this presumption is rebuttable.

In suit in equity to establish a right of way by prescription, it was error to exclude defendant's offered evidence that the user by plaintiff's grantor, necessary to make the requisite period of user, was not under a claim of right.

It is not permissible to rest one presumption on another.

The "exclusive use" requisite to the acquisition of an easement by prescription requires only that it shall not depend on the rights of others, and so does not exclude any use by the owner of the servient estate which is not inconsistent with the claimed easement.

APPEAL IN CHANCERY. Heard on the pleadings and a master's report, and defendant's exception thereto, at the June Term, 1914, Caledonia County, *Buller,* Chancellor. Exceptions overruled, and decree for the plaintiffs. The defendant appealed. The opinion states the case.

*Dutton & Mulcahy* for the plaintiffs.

*Simonds, Searles & Graves* for the defendant.

POWERS, J. These parties own adjoining farms in the town of Walden. The controversy is over a right of way claimed by the plaintiffs across a part of the defendant's farm to their wood lot and sugar place. The proceedings are in chancery, and the result below was a decree for the plaintiffs, establishing the right of way and enjoining the defendant from interfering with their use of it.

It is admitted that the plaintiffs have no such way by express grant, and they seek here to establish the same in three ways: (1) Estoppel; (2) implied reservation when the common owner, Enoch Foster, first conveyed the defendant's farm in 1841; and (3) prescription.

1. The doctrine of estoppel will not avail them for, though it is found that Stafford, while he owned the defendant's farm, told H. N. Kingsbury, at the time of or prior to his purchase of the plaintiff's farm, that the wood road was used to draw wood and timber from a part of the latter farm, there is no finding of the essential fact that Kingsbury relied upon this statement in making his purchase. *Royce* v. *Carpenter,* 80 Vt. 37, 66 Atl. 888. It is suggested that we must assume that the court below inferred this fact from those reported. It is a fact necessarily required to support the decree rendered, and if it could reasonably be inferred from the other findings, and would save the case, our rule would require us to assume that the court of chancery supplied it by inference. All we know about this interview between Stafford and Kingsbury is shown by the finding that "H. N. Kingsbury, at the time or prior to his purchase, was informed by Stafford that this wood road" was used to draw wood and timber over from the nineteen acre piece belonging to the plaintiffs' farm. The circumstances under which this statement was made are not shown. Whether Stafford knew or ought to have known that Kingsbury was a prospective purchaser does not appear. Whether it was at the time of the purchase or before is left uncertain; and if before, how long before, we do not know. Whether the statement was made under such circumstances that Kingsbury had a right to understand therefrom that the owner of the plaintiffs' farm had a right to so use the road, or in such circumstances that he ought to have understood that it was in essence, as it was in form, a mere statement of fact, not implying a right but a privilege,—we cannot say.

The decretal order seems to indicate that it was not predicted upon an estoppel. It asserts that "the orators have the right to use said road," etc. There is nothing to intimate that the court of chancery considered that the defendant was estopped to deny such right. Taken altogether, we do not think the record warrants us in saying that the required inference could reasonably be drawn.

2. Nor will the doctrine of implied reservation avail the plaintiffs for, while it is shown that such a way would be highly convenient to them, it is not strictly necessary, and we have recently held that an easement by implied reservation can exist

31

only when it is one of strict necessity.  *Howley* v. *Chaffee,* 88
Vt. 468, 93 Atl. 120.

· 3.  The master says in his report that if upon the facts
found a presumption arises that the use of this way by the
plaintiffs and their grantors was under a claim of right, they
have gained the same by adverse user; otherwise they have not.

The facts reported, so far as they need be here analysed,
show that Enoch Foster conveyed the farm now owned by the
plaintiffs to his son Ephraim, who occupied it until sometime
after September 23, 1867.  This was the date on which Stafford
bought the farm now owned by the defendant.  At that time,
there was a well-defined wood road leading from the highway
across the latter farm to the nineteen acre wood lot constituting
a part of the former farm.  From that time until January, 1912,
when this trouble arose, the several owners of the plaintiffs'
farm have used this road for drawing wood and timber from
said nineteen acre piece, and occasionally for drawing sap from
the sugar bush thereon.  None of such owners ever asked for or
was granted permission to so use the road, and during all this
time, such use was open and notorious, and with full knowledge
on the part of the owners of the defendant's farm.  From these
facts, a presumption arises that such use was under a claim of
right.  *Barber* v. *Bailey,* 86 Vt. 223, 84 Atl. 608, 44 L. R. A.
(N. S.) 98 and cases cited.

Otis N. Kingsbury occupied the plaintiffs' farm and held
the legal tile thereto from October 28, 1904, to October 23, 1905,
and used the wood road as the others had; but it is found that
during that time, he did not use it under a claim of right.  He
had occupied the farm since 1881, but until the date named
above, he was the equitable owner only, the legal title being in
his father, H. N. Kingsbury.  The defendant offered to show
that while Otis N. occupied the farm under the contract with
his father,—that is, as equitable owner,—his use of the wood
road was not under a claim of right.  This evidence was ex-
cluded, and the defendant excepted.

As is shown by our cases, the presumption above referred to
arises only when the use relied upon is shown to have been open
and notorious, and with the knowledge, express or implied, and
acquiescence of the owner of the servient estate.  So, on the
findings, the presumption here applies only to the interval be-
tween the purchase by Stafford and the deed to Otis N. Kings-

bury,—September 23, 1867, to October 28, 1904. We know that at the. former date the wood road was well-defined, and that prior thereto the owners of the plaintiffs' farm made some use of it. But the character of that use is not shown, and the finding of an open and notorious use, known to the owners of the defendant's farm, is expressly confined to a period subsequent to Stafford's purchase. We cannot assume that it was this use that made the road well-defined; nor can we assume that it was open and notorious, and known to the owners of the defendant's farm; for that would be to make one presumption on which to base another,—which the law forbids. *Richmond* v. *Aiken*, 25 Vt. 324; *Doolittle* v. *Holton*, 26 Vt. 588; Lawson, Pre. Ev. 652.

The prescriptive period, therefore, begins September 23, 1867, that being the first time when the use is shown to have been adverse. It thus appears that this period had not run when II. N. Kingsbury took his deed of the plaintiffs' farm, and that to complete it, it is necessary to use a part of the time during which Otis N. was occupying the same as equitable owner. During this time, as we have seen, his use of the way was of such a character that it would give rise to a presumption that it was adverse but this presumption was rebuttable; the question was one of fact; and the burden of proof was on the plaintiffs. It follows that the evidence offered by the defendant was relevant and important, and should have been received; to overrule his exception to its exclusion was error.

The claim of the defendant that the fact that he and his grantors had used the wood road concurrently with the owners of the plaintiffs' farm would prevent the acquisition of a prescriptive right therein cannot be sustained. The word "exclusive" is frequently used in defining easements by prescription; when so used, however, it means no more than that the claimant's right must not depend upon the rights of others. It does not exclude the owner of the servient estate from any use of his property not inconsistent with the right claimed. *Schmidt* v. *Brown*, 226 Ill. 590, 80 N. E. 1071, 11 L. R. A. (N. S.) 457, 117 Am. St. Rep. 271; *Pavey* v. *Vance*, 56 Oh. St. 162, 46 N. E. 898; *Bennet* v. *Biddle*, (Pa.) 24 Atl. 738; *Carmody* v. *Mulrooney*, (Wis.) 58 N. W. 1109; *Hansford* v. *Berry*, 95 Ky. 56, 23 S. W. 665; *Gallaher* v. *Montecito Valley Water Co.*, 101 Cal. 242, 35 Pac. 770.

*Decree reversed and cause remanded.*