THEODORE S. CUMMINGS, ADMINISTRATOR *v.* TOWN OF CAMBRIDGE.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed June 7, 1919.

*Death—Contributory Negligence—Burden of Proof—Circumstantial Evidence—Evidence—Continuous Fact—Direction of Verdict.*

In an action for damages for the death of one alleged to have been caused by defendant's negligence, the burden is upon the plaintiff to show that no want of care on the part of his intestate contributed to his death.

If there is any substantial evidence supporting the plaintiff's claim, the court will not direct a verdict for the defendant.

Circumstantial evidence may be sufficient to make the question of the contributory negligence of plaintiff's intestate a jury question.

Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within reasonable limits, that it exists at a subsequent time.

A few seconds before defendant's bridge fell plaintiff's intestate was seen in the highway running toward it trying to pass and turn back some cows he was driving. Shortly after the accident his

body was found under the bridge and under some of the broken timbers. *Held*, that there was sufficient evidence of due care on the part of the intestate to submit to the jury the question whether his death was caused by the collapse of the bridge.

TORT FOR NEGLIGENCE. Plea,. the general issue. Trial by jury at the June Term, 1918, Lamoille County, *Waterman*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*F. G. Fleetwood* and *M. P. Maurice* for the defendant.

Where slight evidence is consistent with any one of several theories of what took place and does not point satisfactorily toward one rather than another, the case will not be submitted to the jury. *Delaware & Hudson Co.* v. *Ketz*, 233 Fed. 31; *Mesit* v. *Connecticut Co.*, 82 Conn. 403, 74 Atl. 684; *Fay* v. *Hartford & Springfield St. Ry. Co.*, 81 Conn. 330, 81 Atl. 364; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 71 Atl. 553; *Kruck* v. *Conn. Co.*, 84 Conn. 403; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 135; *Scharff* v. *Jackson*, 216 N. Y. 598; *Parmelee* v. *Chicago, M. & St. Paul Ry. Co.*, 158 Pac. 977; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Searls* v. *Manhattan Ry. Co.*, 101 N. Y. 661; *Redington* v. *Philadelphia*, 253 Penn. St. 390.

*Warren R. Austin* and *C. G. Austin & Sons* for the plaintiff.

MILES, J. This is an action to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence in the maintenance of a bridge which by law it was bound to keep in repair.

The bridge in question crossed a small stream running southerly at the point of accident, and the highway approaching the bridge from the south ran northerly until near the bridge, when it curved easterly to meet the bridge and, crossing the same, extended northeasterly along the northerly side of premises occupied by one Frank Nichols. The residence of the intestate at the time of the accident was on this highway southerly of the bridge, and from his place of residence the highway descended to the bridge.

On the day of the accident the intestate started out to get

some cows which were in the highway, taking with him a dog, and when last seen before his death was within one hundred feet of the bridge, running toward it and trying to get past the cows to turn them back home. Shortly after this the bridge was discovered broken down and thirteen of the cows were in the meadow of Nichols, eight or ten of which were wet. The dog also returned home wet, and still later the intestate was found dead in a mill pond a short distance below the bridge. There was evidence in the case tending to show that before the body was found below the bridge, it was discovered under the bridge and under some of the broken timbers.

The only exception insisted upon by the defendant in this Court is to the refusal of the trial court to grant the defendant's motion for a directed verdict, and that exception presents the single question of whether the plaintiff's evidence fairly and reasonably tended to show that his intestate was without negligence proximately contributing to his death.

The burden of showing this was upon the plaintiff, and that fact could not be presumed (*Boyden's Admr.* v. *Fitchburg R. R. Co.,* 72 Vt. 89, 47 Atl. 409), and this the plaintiff does not dispute; but all that was required of the plaintiff upon this branch of the case was to produce evidence which, viewed in the light most favorable to him, tended to show that no want of care on the part of the intestate contributed to his death. *Place* v. *G. T. Ry. Co.,* 82 Vt. 42, 71 Atl. 836; *Duggan* v. *Heaphy,* 85 Vt. 515, 83 Atl. 726; *Boyden's Admr.* v. *Fitchburg R. R. Co., supra.* It is elementary that, if there is any substantial evidence supporting the plaintiff's claim, the court will not direct a verdict for the defendant, but must submit the case to the jury. *Schofield* v. *Metropolitan Life Ins. Co.,* 79 Vt. 161, 64 Atl. 1107, 8 Ann. Cas. 1152. The evidence need not be that of an eye-witness, nor is it necessary that there should be evidence distinctly directed to that negative proposition (*Duggan* v. *Heaphy, supra,* and authorities cited; *Shumm's Admx.* v. *Rut. R. R. Co.,* 81 Vt. 186, 69 Atl. 945, 19 L. R. A. [N. S.] 973); but the facts may be established by circumstantial evidence alone, as in *Lazelle* v. *Newfane,* 69 Vt. 306, 37 Atl. 1045. These rules of law, we understand, are not disputed by either party, and the determination of the question brought here, as we have already said, rests entirely upon the question of whether there was any evidence reasonably tending to show that the deceased was without negligence proximately contributing to his death.

No contention is made but that the bridge broke down when the cows were upon it, nor can it be otherwise contended; for that is the only cause assignable for its breaking down at the time of the accident; nor is any contention made but that, if the intestate was on the bridge at the time it broke down and was precipitated into the stream with the dog and the cows, a fair inference arises that the sole proximate cause of the accident was the conceded insufficiency of the bridge, and in such circumstances that would be enough to charge the defendant.

The defendant argues that the case does not show that the deceased was on the bridge when it fell, and that it is as reasonable to infer that he was crowded by the cows from the approach to the bridge into the stream, as it is to presume that he fell in when the bridge collapsed with the dog and the cows. This argument is unsound; for the inference argued does not rest upon acknowledged and well-established facts, as the rule requires. *Richmond* v. *Aiken et al.,* 25 Vt. 324; *McCagg* v. *Heacock,* 34 Ill. 476, 85 Am. Dec. 327, and note. The argument is supported by mere conjecture, and conjecture is no proof in him who is bound to make proof. *Dupree* v. *Dupree,* 49 N. C. 387, 69 Am. Dec. 757, and note.

On the other hand, there was evidence tending to show that the intestate fell into the stream with the dog and cows. Shortly after the accident, the body of the intestate was found under the bridge and under some of the broken timbers, and after his removal from the stream, blood was flowing from one of his ears indicating, as the evidence tended to show, an injury received before death and fairly inferable as the result of a fall with the collapse of the bridge. Further than this, as already stated, the intestate was last seen alive about one hundred feet from the bridge running toward it with the dog and the cows, trying to pass the cows and turn them back, in the exercise of the care of a careful and prudent man, so far as anything in the case indicated, and this could not have been more than ten or twelve seconds before the bridge fell, and if he had been running at the rate of six miles an hour, he would have reached the bridge between eleven and twelve seconds. From the fact that the intestate was running in an effort to get past the cows, it may fairly be inferred that the act of running was continuous until the accident happened; and, as he was in the exercise of a lawful act being performed in a careful and prudent manner when last

seen, so immediately before the accident, it must follow that there was evidence tending to show that the intestate was exercising reasonable care for his own safety at the time of the accident, upon the principle that proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within reasonable limits, that it exists at a subsequent time. We think this evidence, taken as a whole and considered in the light most favorable to the plaintiff, fairly shows that the accident to the plaintiff's intestate was without contributory negligence on his part, and we find no error in the court's denial of defendant's motion for a verdict.

*Judgment affirmed.*