· GEORGE BRITCH *v.* TOWN OF SHELDON. ·

February Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 8, 1920.

*Negligence—Temporary Forgetfulness—When Jury Question—*
*Highways and Bridges—Right of Traveler to Rely Upon*
*Obstructions Being Guarded.*

1.  In a personal injury case, where the plaintiff, although knowing
    of the existence of dangerous conditions, temporarily forgot,
    the controlling question as to whether his conduct constituted
    contributory negligence is whether a jury would be justified in
    finding on the evidence that he was exercising the care of a
    prudent man in the circumstances, notwithstanding his tem-
    porary forgetfulness.

2.  To avoid forgetfulness from barring a right of recovery, some-
    thing more than mere lapse of memory must be shown to ex-
    cuse momentary forgetfulness in the presence of a known
    danger.  There must be some reasonable cause or explanation ·
    apart from mere inattention.

3.  In such case, any fact, condition, or circumstance affording
    a reasonable basis for an inference of ordinary care is
    sufficient.

4.  A person, approaching in the nighttime a bridge or culvert under
    repair, has a right to rely upon the usual precautions being
    taken to warn travelers of the obstruction, and, in the absence
    of such precaution, it is a question for the jury whether his
    forgetfulness of the danger there existing constitutes con-
    tributory negligence.

5.  Where the law has no settled rule of diligence, negligence is
    ordinarily a question for the jury, as it is a fact to be inferred
    from the attending circumstances, and it can be ruled as a
    matter of law only when the facts are undisputed, and are so
    conclusive that but one reasonable inference can be drawn
    therefrom.

6.  The evidence of the insufficiency of the barriers at the culvert
    under repair and of the failure to provide adequate warning

lights was sufficient to make defendant's negligence a question of fact for the jury.

ACTION OF TORT for negligence occasioned by the alleged insufficiency and want of repair of a certain bridge or culvert. Plea, the general issue. Trial by jury at the March Term, 1919, Franklin County, *Wilson*, J., presiding. At the close of the plaintiff's evidence, the Court directed a verdict for the defendant. The plaintiff excepted. The opinion states the case.

*M. H. Alexander* for the plaintiff.

A traveler is not required at all times to have his thoughts fixed on a defect in the way, though having had notice of it; his mere inattention or forgetfulness will not, therefore, necessarily preclude his recovery. *Maloy* v. *St. Paul*, 54 Minn. 398; *Simonds* v. *Baraboo*, 93 Wis. 40; *Dundas* v. *Lansing*, 75 Mich. 499; *Gibbons* v. *Phoenix*, 61 Hun. 619; *Coppins* v. *Town of Jefferson*, 126 Wis. 578; *Kaiser* v. *Hahn Bros.*, 126 Ia. 561; *Lyon* v. *Grand Rapids*, 121 Wis. 609; *Perkins* v. *Sunset Tel., etc., Co.*, 155 Cal. 712; *Lancaster* v. *Walter*, 25 Ky. L. Rep. 218; *Merriam* v. *Phillipsburg Borough*, 28 Atl. 122; *Cowie* v. *Seattle*, 22 Wash. 659; *Boyle* v. *Degnon-Mclean· Const. Co.*, 47 App. Div. 311, 61 N. Y. S. 1043; *Udwin* v. *Spirkel*, 136 Ill. App. 155; *Wheeler* v. *Westport*, 30 Wis. 392; *Quillan* v. *Seattle*, 10 Wash. 464; *Vergin* v. *Saginaw*, 125 Mich. 499; *Carson* v. *Genesee*, 9 Idaho, 244; *Durbin* v. *Napoleon*, 21 Ohio C. C. 160; *Mt. Morris* v. *Kanode*, 98 Ill. App. 373; *Bouga* v. *Weare Twp.*, 109 Mich. 520; *Petrick* v. *Union*, 117 Wis. 46.

*Elmer Johnson* for the defendant.

TAYLOR, J. The plaintiff seeks to recover damages occasioned by the alleged negligence of the defendant town in not maintaining a certain bridge or culvert on one of its highways in a safe condition for travel. The trial was by jury. At the close of the plaintiff's evidence the court, on motion, directed a verdict for the defendant, to which the plaintiff saved an exception. The grounds of the motion were in substance that on the undisputed evidence (1) plaintiff's accident occurred at a place on the highway other than on a bridge, sluice, or culvert, or the

approaches thereto; (2) there was no shortage of legal duty on the part of the defendant; (3) the plaintiff was guilty of negligence contributing to the injury complained of. The court held that the case was for the jury on all grounds except the last, but that on the plaintiff's own testimony he was guilty of contributory negligence as matter of law. The evidence in the light most favorable to the plaintiff tended to show the following facts: The accident occurred at a small bridge or culvert on the main highway in the defendant town leading from Enosburg Falls to Sheldon. The town authorities were repairing the culvert and had provided a temporary byway around it. The culvert had been torn out, and the traveled track of the highway was further obstructed by the materials, a derrick, and a dirt box used in making the repairs. The evidence was somewhat meager with respect to barriers. One witness speaks of "some dirt and some boards or stuff of that nature on either side of the sluice," and on the east side "some dirt, some boards or lumber, and some guy wires." Another witness testified that, besides the materials for work on the culvert, there was, as he remembered it, on the west side of the culvert, 30 or 35 feet from it, a stick with one end on a pile of dirt, or a post, with a lantern hanging on it, and on the east side, 20 or 25 feet from the culvert, a similar barrier—"perhaps a little heavier stick." The plaintiff describes the barrier on the east side (the side on which he approached the culvert at the time of the accident) as a plank, one end on a pile of dirt and the other end on the ground, low enough so that the horse he was driving stepped over it. As a further precaution, three lanterns were placed in the vicinity of the culvert, one hanging from the barrier in the highway on each side of the culvert, and the third from a post in the temporary bridge. These lanterns were burning as early as 7:30 o'clock on the evening before the accident, but whether they were there when the plaintiff passed about a half an hour earlier did not appear. He makes no mention in his testimony of having seen the lanterns at that time. Before midnight all the lanterns, except the one in the highway west of the culvert, had gone out. The globe of that lantern was then badly smoked, and it was apparently nearly ready to go out, being then scarcely visible to one approaching the culvert from the east. Neither of the lanterns was burning at the time of the accident.

·The accident occurred about 2 o'clock in the morning of the night of August 13, 1916. The plaintiff, then 26 years old, was employed as a farm hand in the town of Sheldon.· He was somewhat acquainted with the highway in question, though "not awful well," and had driven over it a few times in the previous four or five years. On the evening before the accident he had occasion to go to Enosburg Falls, and passed the culvert about 7 o'clock; the sun being still up. He noticed (so far as appeared for the first time) that the culvert was undergoing repairs, and. realized that one had to take the byway to pass it. The horse he was driving was about six years old, a safe and quiet driver, and fairly good to follow the road at night. He had owned her for about a year and a half, and had driven her a good deal, principally at night, as he had to work daytimes. On the return trip plaintiff left Enosburg Falls about 2 o'clock in the morning. It was very dark and had commenced to rain. He was riding alone in a buggy with the top up, and was smoking. He stopped to water his horse at a trough about half a mile east of the culvert, and, being chilly, put on an extra coat. The material part of his testimony as to the happening of the accident was as follows: "After I left the watering trough, * * * I was driving just a fair road gait, letting the mare take her own gait, and it never entered my head about that bridge, not seeing any lights or anything; and the first thing I knew she come right up, she kind of slowed up a little, and I pulled up on her, and she just stepped over something. I didn't know at the time what it was, but did shortly afterwards; it was a plank, one end of it on a pile of dirt, and the other end on the ground. I heard a lantern go, and I set right up on her, but the plank shoving scared her. My hind wheel caught the guy wire holding the derrick, and when it did it threw me right over the mare, and she went off on the side of the bridge into the slough hole, buggy and all." Plaintiff testified further in cross-examination that after leaving the water tub he let the mare go exactly as he would if he had known the road was all right; that he wouldn't have trusted her to go by herself around the byway; that, if he had thought anything about it, he should have known that he would have to guide her. In answer to the question, "On your way home that night, what did you do in the way of exercising some care or precaution to find this place in the road where the sluice was be-

ing put in?" he said: "I didn't think anything about it. I thought it would be lighted. It didn't enter my head."

[1]   No question is made but that the evidence was at least sufficient to make the question of due care on the part of the plaintiff one of fact for the jury, if he had not previously known the condition of the highway at the place of the accident. Nor, on the other hand, is it claimed that he was not guilty of contributory negligence as a matter of law, if he should have kept the obstruction in mind and exercised active care to avoid it. The controlling question is whether, in the circumstances, his temporary forgetfulness of the danger was in law sufficient to defeat his right of recovery; or, in other words, whether a jury would be justified in finding on the evidence that he was exercising the care of a prudent man in the circumstances, notwithstanding his temporary forgetfulness. It was said in *Kilpatrick* v. *Grand Trunk Ry. Co.*, 74 Vt. 288, 303, 52 Atl. 531, 93 A. S. R. 887, that the prudent man is not the man who never forgets, who is never guilty of inattention, who never fails to think of any possible danger—that is the perfect, the infallible man; that attention must be given to the circumstances, and that circumstances may excuse forgetfulness whenever the jury may reasonably say that a man so placed might be so forgetful, without losing the right to be called a prudent man in the circumstances. *Kane* v. *Northern Cen. Ry. Co.*, 128 U. S. 91, 32 L. ed. 339, 9 Sup. Ct. 16, cited in *Kilpatrick* v. *Grand Trunk Ry. Co.*, is a leading case on the question. It is said in *Roseberry* v. *Niehaus & Co.*, 166 Cal. 481, 137 Pac. 232, that to forget is not negligence, unless it shows want of ordinary care.

The effect of temporary forgetfulness of a known danger on the question of contributory negligence has frequently arisen in actions growing out of injuries on highways. Our attention has been called to several such cases in other jurisdictions; but these and kindred cases can only serve to illustrate the principle stated above. It is impossible to formulate any other general rule, so much depends upon the circumstances of the particular case. Speaking generally, it is not deemed to be negligent as a matter of law for a person who has knowledge of a defect in the highway not to remember it at all times and under all circumstances, and he is not necessarily prevented from recovery because he is not thinking about it, or has momentarily forgotten it, at the time the injury occurs, though the fact of such forget-

fulness may properly be considered on the question of his negligence.   13 R. C. L. 481.   It has been held 'in some jurisdictions that it cannot be said, as a matter of law, that a person injured by reason of a defect in a highway was necessarily negligent because the existence of the defect was known to him prior to the happening of the accident, and he, having temporarily forgotten this fact, failed to avoid the danger. · In other jurisdictions the view is adopted that the forgetfulness of danger known to the person injured constitutes negligence which will bar a recovery, in the absence of any further evidence, but that the forgetfulness may be explained, so as to make the question of contributory negligence one of fact for the jury.   See note, Ann. Cas. 1913 D, 36, where many cases are collected and digested.

[2]   There is little, if any, disagreement in the cases that the ultimate question is whether the injured party was exercising the care and prudence of a prudent man in the circumstances, notwithstanding his forgetfulness.   When in the particular case the controlling question is whether forgetfulness of the danger is in law sufficient to bar a right of recovery, a safe and workable rule, and one supported by the weight of authority, is that something more than mere lapse of memory must be shown to excuse one for momentary forgetfulness in the presence of a known danger.   It must have some reasonable cause or explanation apart from mere inattention, as, for example, that the attention was diverted or the failure to remember explained by some other good cause.   *Knoxville* v. *Cain,* 128 Tenn. 250, 159 S. W. 1084, 48 L. R. A. (N. S.) 628; *Hodge* v. *St. Louis,* 146 Mich. 173, 109 N. W. 252; *Collins* v. *Jonesville,* 111 Wis. 348, 87 N. W. 241, 1087; *Lyon* v. *City of Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Sanderson* v. *Chicago, etc., Ry. Co.,* 167 Ia. 90, 149 N. W. 188; *Kelly* v. *Blackstone,* 147 Mass. 448, 18 N. E. 217, 9 A. S. R. 730; *George* v. *Haverhill,* 110 Mass. 506; note, Ann. Cas. 1913 D, 36.   The application of the rule is well illustrated in *George* v. *Haverhill, supra,* where the accident happened in the evening about 8 o'clock and the obstruction was not of a character to attract immediate attention, and was obscured by the shadow of trees.   It was held that the fact that the plaintiff knew of the defect, but was not thinking about it, was not conclusive against his right to recover, but was a circumstance to be considered by the jury.

[3-5]　The defendant takes too narrow a view of the character of the explanation that will carry the question of contributory negligence in such a case to the jury.　While it more frequently happens that the excuse offered is that the attention of the injured party was diverted from some cause, yet by no means is that the only available explanation.　Any fact, condition, or circumstance affording a reasonable basis of an inference of ordinary care is sufficient.　The defendant loses sight of the turning point in this case in its attempt to distinguish it from some of those cited by the plaintiff.　As we have already indicated, plaintiff's conduct, unexplained, except that he forgot, would, without extenuating circumstances, defeat his recovery as a matter of law, which leaves as the only question whether the evidence discloses a reasonable cause for his temporary lapse of memory.　The court apparently fell into the same error as, in disposing of the motion for a directed verdict, it laid stress upon the fact that the evidence did not show that anything occurred to divert the plaintiff's attention, although reference is made to his right to suppose that the place would be lighted on his return; the court saying that he would have no reason to expect there would be any lanterns there when he came back. But this is a false assumption.　While it may be that it is a fair inference from the evidence that there were no lanterns there when he first passed the culvert, or at least that the lanterns were not then lighted, still he had a right to rely upon the usual precautions being taken to warn travelers of the obstruction, and that he did so rely is shown by his testimony to the effect that he supposed the culvert would be lighted.　See *Campbell* v. *City of Boston*, 189 Mass. 7, 75 N. E. 96.　With this element in the case, we think the circumstances fairly entitled the plaintiff to go to the jury on the question of contributory negligence.　It would not be unreasonable to say that it was not negligence for one casually finding such an obstruction in a highway, which he knew he was to retrace in the darkness, relying upon the expectation that he would find the place suitably lighted, to fail to keep it in mind.　Where the law has settled no rule of diligence, negligence is ordinarily a question for the jury as it is a fact to be inferred from the attending circumstances.　It can be ruled as a matter of law only when the facts are undisputed, and are so conclusive that but one reasonable inference can be drawn therefrom.　If the evi-

dence justifies opposing inferences, the question is always for the jury. *Place* v. *Grand Trunk Ry. Co.*, 82 Vt. 42, 53, 71 Atl. 836; *Place* v. *Grand Trunk Ry. Co.*, 80 Vt. 196, 202, 67 Atl. 545; *Barber* v. *Essex*, 27 Vt. 62, 70; 13 R. C. L. 521, § 433.

[6]    The defendant urges in support of the ruling below that there was no evidence in the case tending to show a shortage of legal duty on its part in guarding the place where the repairs were being made, and cites *Mullen* v. *Town of Rutland*, 55 Vt. 77, in support of this claim.   While the circumstances of that case were in many particulars similar to those of the case at bar, the question decided in this Court has no application here. The question of liability was submitted to the jury under a charge that was satisfactory, except in one particular not material on this record, and the jury returned a verdict for the defendant.   The portion of the charge excepted to was to the effect that if the person in charge of the repairs fully discharged the duty of the town at the close of the day's work by way of precaution against accident to travelers in the nighttime, the town was not liable, although the barricade was afterwards rendered insufficient by accident or malicious interference. This was to meet a special issue in that case, and the decision of this Court sustaining the charge does not cast doubt upon the ruling below in the instant case.   The evidence detailed above fairly tended to show shortage of duty on the part of the defendant both as to the sufficiency of the barrier and the condition of the lights, and the trial court correctly held that the question of the defendant's negligence was one of fact, and not of law.

*Reversed and remanded.*