FRANK L. WELLMAN, ADMR. *v.* ROWE WALES.

February Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 9, 1923.

*Motion to Set Aside Verdict—When Reviewable—Evidence—Sufficiency to Sustain Finding of Collision—Declarations of Injured Party—Negligence—Insufficiency of Evidence to Establish Negligence—Circumstantial Evidence—New Trial —Burden of Proof on Plaintiff to Show Defendant's Negligence—Proximate Cause—Inferences Cannot Be Based Upon Other Inferences—Burden on Plaintiff to Establish*

*Freedom from Contributory Negligence—When Inference of Continuity Inapplicable—Insufficiency of Evidence to Show Freedom from Contributory Negligence—Burden of Proof Not Sustained by Mere Conjecture.*

1. The rule that the court's discretion in refusing to set aside a verdict cannot be reviewed, unless the court failed to exercise its discretion or abused it, is inapplicable where all the evidence is before the Supreme Court and the grounds of the motion are that the verdict is contrary to the instructions of the court and wholly unsupported by the evidence.

2. A motion to set aside a verdict as contrary to the evidence is addressed to the sound discretion of the trial court, whose action thereon cannot be disturbed, except for abuse of discretion.

3. In an action for damages for the death of plaintiff's intestate who was killed while riding a bicycle, the evidence was sufficient to justify a finding by the jury that the injuries were occasioned by decedent's collision with an automobile.

4. In such an action the rule that the declarations of a party injured when no one is present are not evidence to show the manner in which the injury occurred, however nearly contemporaneous with the occurrence, is inapplicable where such a declaration was part of a declaration by decedent, much of which was against his interest, and, as such, introduced by defendant.

5. In such an action, evidence *held* insufficient to show that it was defendant's automobile with which the collision was had.

6. In such an action, when liability rests entirely upon circumstantial evidence, the circumstances when taken together must reasonably tend to support the inference sought to be drawn.

7. In such an action, where liability rests entirely upon circumstantial evidence and the countervailing evidence so preponderates against the plaintiff that it is clear in arriving at a verdict the jury must have disregarded the testimony or the charge of the court, the latter should set the verdict aside on proper motion.

8. In an action for damages for the death of plaintiff's intestate from an alleged collision with defendant's automobile, in addition to showing the collision the burden is on the plaintiff to show that such collision was caused by the negligent act or omission of the defendant.

9.  In such action, although the driving of an automobile in excess of 25 miles per hour is *prima facie* evidence of negligence under G. L. 4697, excess of speed alone is insufficient to show proximate cause of injury.

10. In such an action, where the identity of defendant's car as being in the collision rested upon inference, negligence of the defendant cannot be inferred from the fact that he did not stop and render assistance, in accordance with the requirements of G. L. 4712.

11. No inference can legitimately be based upon a fact the existence of which itself rests upon a prior inference.

12. In an action for damages for the death of plaintiff's intestate, killed while riding a bicycle, from an alleged collision with defendant's automobile, the burden is on the plaintiff to show not only that the injury was caused through the negligence of the defendant, but also that the decedent was free from negligence, proximately contributing in any degree to the injury.

13. In such action, that plaintiff's decedent, when last seen nearly 1,000 feet from the place of injury, was acting in a prudent and lawful manner, raises no presumption of continuance of such conduct to the time of injury, where there was a change of grade in the road and other new conditions intervened calling for the exercise of additional care.

14. In such an action, evidence *held* insufficient to establish that the decedent was free from contributory negligence, there being no evidence from which the inference of due care could be drawn.

15. Where one has the burden of proof, mere conjecture is insufficient for that purpose.

ACTION OF TORT for negligence. Plea, the general issue. Trial by jury at the April Term, 1922, Windham County, *Wilson,* J., presiding. Verdict for the plaintiff. Motion to set aside verdict overruled and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed, verdict set aside, and cause remanded.*

*Stickney, Sargent & Skeels* and *Walter S. Fenton* for the defendant.

A verdict based upon speculation or conjecture cannot stand. *Gilman* v. *Central Vermont Ry. Co.,* 93 Vt. 340; *Goulette's Admr.* v. *Grand Trunk Ry. Co.,* 93 Vt. 266.

Presumptions must be based upon facts and not upon inferences and other presumptions. Jones Commentaries on Evidence, Vol. 1, § 104, p. 499; Chamberlayne's Modern Evidence, Vol. II, § 1029; *Hammond* v. *Smith*, 17 Vt. 231; *Richmond* v. *Aiken*, 25 Vt. 324; *Doolittle* v. *Holton*, 26 Vt. 588; *Comstock's Admr.* v. *Jacobs*, 84 Vt. 282; *Fadden* v. *McKinney*, 87 Vt. 316; *Poronto* v. *Sinott*, 89 Vt. 479; *Goulette's Admr.* v. *Grand Trunk Ry. Co., supra; United States* v. *Ross*, 92 U. S. 281, 23 L. ed. 707; *Manning* v. *John Hancock Ins. Co.*, 100 U. S. 693, 25 L. ed. 761; *Globe Acc. Ins. Co.* v. *Gerrish*, 163 Ill. 625, 45 N. E. 563, 54 A. S. R. 486; *Atchinson, etc., Ry. Co.* v. *Baumgartner*, 74 Kan. 148, 85 Pac. 822, 10 Ann. Cas. 1094; *Phila. City Pass. Ry. Co.* v. *Henrice*, 92 Pa. St. 431, 37 A. R. 699; 10 R. C. L. 870; 10 C. J. 84.

*Barber, Barber & Miller* for the plaintiff.

BUTLER, J.   [1, 2]   This is an action brought by Frank L. Wellman, Administrator of Fred V. Hall, deceased, for the benefit of his next of kin. The complainant seeks to recover damages of the defendant for personal injuries received by Hall resulting in his death, by reason of the alleged negligence of the defendant in operating his automobile on the public highway in the town of Rockingham. Trial by jury, verdict and judgment for the plaintiff. After verdict and before judgment, defendant moved to set aside the verdict on five grounds specified in the motion. The motion was overruled and the case comes here on defendant's exceptions to the overruling of this motion, on each of the grounds specified. The third, fourth, and fifth grounds of the motion may be best considered together for they present, in one way or another, substantially the same question, *viz.*, whether there was any legal evidence in the case, fairly and reasonably tending to show the essential facts that plaintiff's intestate was injured by the negligence of the defendant and without negligence on the part of the decedent. When all the evidence is before the Court, and the exception is taken, as here, on the ground that the verdict was contrary to the instructions of the court, and wholly unsupported by the evidence, the rule as to discretion does not apply and the action of the trial court is reviewable here. *Whitman* v. *Dailey*, 95 Vt. 454, 115 Atl.

559; *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232. The other grounds stated in the motion, that the verdict is contrary to the evidence, is addressed to the sound discretion of the trial court, as to which the action of the court cannot be disturbed, except for abuse of discretion. *Bradley* v. *Blandin and Somerset Land Co.,* 94 Vt. 243, 110 Atl. 309; *Lincoln* v. *Central Vt. Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 A. S. R. 998.

[3] First, then, is there any evidence to support the verdict? The essential facts to be supported are these: First, that the injuries to plaintiff's intestate resulting in his death were in fact caused by his having been in collision with an automobile; second, that the defendant was at the time operating the automobile causing the injury; third, that the collision or accident was caused by the negligent act or omission of defendant in operating the car; fourth, that there was no negligence on the part of the plaintiff's intestate proximately contributing to the injury.

Was the decedent struck by an automobile? The decedent Hall, June 11, 1921, about 12 o'clock noon was found by witness William J. Hutchins lying on the ground with his head about the center of the road, his feet pointing to the west and his head northerly down the hill with the right cheek in the sand, his bicycle lying across his legs, the front wheel of the bicycle and the handle bars pointing south up the hill. It was a gravel road, quite hard surface, not noticeably disturbed. A pool of blood found under his head eight or ten inches in diameter had run down the hill ten or twelve inches. The decedent was unconscious and died about twelve hours later at the hospital where he was taken. As shown by the autopsy, the outside frontal bone of the skull was fractured, the nose and lower jaw were broken, and there were other serious injuries about the decedent's head and face.

The place where the decedent was found was on the main highway leading north, about 2 miles from Bellows Falls near the foot of a hill about 75 rods long and of about 6 per cent. grade, sloping northerly. The place was afterwards marked by an iron pin. No one testified to having seen the accident. The bicycle and lantern were exhibited in court, conceded to be in the same condition as when found. The lantern which had been clamped to the left front fork, when found had been loosened

and was jammed between the spokes and the left fork of. the front wheel from the rear. Several of the wire spokes of the front wheel were broken and badly bent. Both forks of the front wheel bent backwards, the left a little more than the right and the top bar of the frame was buckled slightly preventing the front wheel from turning to the right under the frame, indicating force from the front, while there were no marks, bruises, or jams on the rear wheel, mud-guard, or any part of the bicycle back of the pedals.

Some hours after the accident, at the hospital, the decedent in a measure, at least, regained consciousness. The nurse, called as a witness by defendant, testified to declarations then made largely against his interest which are more fully noticed in a later paragraph. As a part of these declarations, decedent being asked by the nurse if he was struck by an automobile, answered "Yes." Although this statement was in his favor, it being part of the whole declaration made at the time, it, as well as that which was against him, was to be weighed by the jury. *Mattocks* v. *Lyman,* 18 Vt. 98, 46 A. D. 138. When we consider this, together with the condition in which he was found, the extent and character of the injuries to the bicycle and the decedent as testified to by Dr. Whitney and other witnesses to the effect that such injuries would be unlikely to occur by falling from his bicycle without other contributing force, it cannot be said as matter of law that there was no evidence tending to show that the accident was caused by a collision with an automobile.

[4-7] Second (a). Assuming that such was the cause of the accident, was there any evidence tending to show that it was defendant's car with which the collision was had?

The decedent, riding a bicycle, going northerly along the highway at an estimated speed of 6 to 10 miles an hour, passed witness Porrette who was traveling on foot in the same direction, and was last seen by witness Rattry about in front of or a little beyond the "Wheeden House," near the crest of the hill as he was beginning to go down over the grade.

From where he passed Porrette to the place of the accident is about 1,260 feet, and up a slight grade until the crest of the hill is reached about 800 feet southerly of the iron pin above mentioned. Defendant soon after passed witness Porrette driving his automobile, a light buff colored Cadillac roadster, going northerly along this highway at a speed of about 30 miles an

hour and was last seen before the accident going over the hill a little beyond the Wheeden House. Porrette was walking about three miles per hour. Defendant was next seen by witness Hutchins at the foot of Sand Hill, some 3,188 feet from the point marked by the iron pin, traveling north at a speed of 30 to 35 miles an hour as he passed Hutchins and his wife, who were traveling south at about 20 miles an hour.

There was no evidence of any other automobile being seen on this section of the highway of about a mile in length from the time defendant passed Porrette until he met Hutchins' car as above stated, nor until Hutchins reached the scene of the accident. The testimony, then, isolates the defendant and the decedent on this section of the highway, and fairly tends to show that defendant's car was, in fact, the only moving vehicle to pass the place of the accident between the time the decedent passed out of sight over the brow of the hill and the time he. was discovered by Hutchins.

Careful calculations were made by both parties based upon distances given by witnesses of actual measurements, the estimated speed of defendant's car, the estimated speed as last seen of the decedent upon his bicycle, the location, assumed continuous speed, and of objects as shown by evidence; and from these calculations as made by plaintiff, the defendant would reach the place of the accident about the time that decedent would arrive there.

It must be held that these facts standing alone tend to show, as the jury have found, that it was the defendant's car that collided with the decedent's bicycle.

(b.) Was this finding contrary to evidence? It is undisputed that defendant's car was traveling in the same direction as the decedent on his bicycle. The injuries and marks on the bicycle show a blow from the front. There were no marks or indications of a blow from the rear and no marks on the surface of the roadway showing the course of the bicycle or car or indicating a collision. Careful examination of defendant's car showed no marks or scratches indicating a collision. It is quite difficult to see how it would be possible for a car going in the same direction to have struck the bicycle as claimed so as to turn the lantern and wedge it in between the wheel and fork from the rear, buckle the top bar of the frame, bend the forks backward,

and turn the wheel to the left under the frame as appears from inspection, without the bicycle was turned so as to meet the car.

By the calculations made by defendant, based upon the testimony and the estimated speed of defendant's car at 30 miles per hour, and of the bicycle as shown by testimony, defendant would have reached the foot of Sand Hill by the time the decedent would have reached the iron pin.

Besides, it appeared by the testimony of the nurse at the hospital that in a further effort to ascertain the identity of Hall and the cause of the accident, she inquired of decedent if it was an ice cart that struck him and he answered by shaking his head and some word that sounded like ''No.'' She asked if it was a horse and buggy and he answered, ''No''; asked if he was drunk, and he answered, ''No''; asked if he fell off his bicycle and he answered in the same way, but when asked if an automobile struck him he answered ''Yes,'' and nodded his head, and later in the day she asked him if he knew Rowe Wales (the defendant), and he said he did. She then asked him if it was a light colored car that struck him and he shook his head and said ''No''; asked if it was a dark colored car and he said ''Yes,'' and nodded his head, and when asked if it was Rowe Wales that struck him he said ''No.'' Plaintiff contends that these statements and admissions while in the hospital were so astonishingly improbable in view of the testimony tending to show that he had no lucid intervals while there, that it is apparent that the jury, as it well might, disregarded them. But this claim cannot be sustained, for from his answers the nurse was able to identify him, ascertain his name, that he was married and had one child, and had lived at Bartonsville—facts not otherwise known—thus showing that he did have lucid intervals. Besides, it is the only evidence in the case tending to show a collision with an automobile except such as may be inferred from the conditions under which he was found. It is contended by plaintiff that it is well settled that the declarations of a party injured when no one is present are not evidence to show the manner in which the injury occurred, however nearly contemporaneous with the occurrence, citing *Goulette* v. *Grand Trunk Ry Co.,* 93 Vt. 266, 107 Atl. 118.

But this rule is inapplicable when, as here, his declaration showing such a collision was a part of the whole declaration made as before stated, much of which was against his interest, and, as such, introduced by defendant.

As against these potent circumstances and declarations, the plaintiff seeks by the sole process of elimination of other vehicles from the prescribed section and the calculations as to speed of the car and the bicycle based solely upon estimate, necessarily uncertain, to sustain the conclusion that the bicycle was struck by defendant's car. This is not enough. The conclusion from the facts offered must be at least the more probable hypothesis, with reference to the possibility of other hypotheses. I Wig. § 38. When the liability rests entirely upon circumstantial evidence, the circumstances when taken together must reasonably tend to support the inference. *Fadden* v. *McKinney,* 87 Vt. 317, 89 Atl. 351; *Gilman* v. *Central Vt. Ry. Co.,* 93 Vt. 340, 107 Atl. 122. When, as here, the countervailing evidence so preponderates against the plaintiff that it is clear that in arriving at a verdict the jury must have disregarded the testimony or the charge of the court, it was the duty of the trial court to set the verdict aside on proper motion. *Bradley* v. *Blandin and Somerset Land Co.,* 94 Vt. 243, 110 Atl. 309; *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232; *Barrette* v. *Carr,* 75 Vt. 425, 56 Atl. 93.

[8, 9] Third. Assuming, however, that there was some evidence of a collision with defendant's automobile, this alone would not entitle the plaintiff to recover, for negligence must be proved. Plaintiff says that the only evidence of care on the part of defendant was his own testimony, and that of his wife, that he passed decedent on his left, riding his bicycle, without accident before reaching the Wheeden House, and that decedent was on the right-hand side of the road. But let that be as it may, the burden is on the plaintiff to show that the collision was caused by the negligent act or omission of defendant, as to which there was no evidence other than the estimated speed of the car, and the subsequent conduct of the defendant, both of which rest on inferences. There was no direct evidence, except the statements of the decedent, how the accident occurred. The defendant, and his wife, who was the only person with him, denied any knowledge of the accident until they came back over this road a half hour later. Admitting that the speed of the defendant's car was in excess of 25 miles per hour and continuous, it would be *prima facie* evidence of negligence, but it does not follow that the speed of the car, though excessive, was the *proximate cause* of the injury.

[10, 11]   The plaintiff, however, insists that negligence may be inferred from the fact that the defendant did not stop and render assistance, but fled leaving the decedent unconscious in the highway, invoking the statute which makes it the duty of the operator of an automobile, whether at fault or otherwise, to stop and render assistance.   But one infirmity at least of this claim is that the fact relied upon as a basis of the inference is itself inferred.   It violates the well-established rule that no inference can legitimately be based· upon a fact the existence of which itself rests upon a prior inference.   *Poronto* v. *Sinnott,* 89 Vt. 479, 95 Atl. 647; *Doolittle* v. *Holton* 26 Vt. 588; *Fadden* v. *McKinney,* 87 Vt. 316, 89 Atl. 351; *Comstock's Admr.* v. *Jacobs,* 84 Vt. 282, 78 Atl. 1017; *Cumming's Admr.* v. *Town of Cambridge,* 93 Vt. 349, 107 Atl. 114.

[12]   Fourth. Neither would this be evidence tending to show that the decedent was without fault.   The burden is on the plaintiff to show not only that the injury was caused through the negligence of the defendant, but also that the decedent was free from negligence, proximately contributing in any degree to the injury.   *Bianchi* v. *Millar,* 94 Vt. 378, 111 Atl. 524.

[13, 14]   The plaintiff concedes that he has the affirmative of this issue, but he contends that when last seen the decedent was acting as a prudent man and in a lawful manner, and invokes the doctrine of continuance of conduct over the space of time and distance here involved.   Citing *Cumming's Admr.* v. *Town of Cambridge,* 93 Vt. 349 107 Atl. 114, as full authority.

But in the instant case, not only is there a change of grade, but new conditions intervened calling for the exercise of additional care.   When last seen the decedent was riding up hill or just past the crest of the hill with a clear road.   The collision, if any, occurred when going down grade near the foot of the long hill when an automobile was passing going in the same direction.   The presence of the automobile while both were moving on the highway in itself would interrupt the continuity of conditions.   Besides, without active care, the speed of the bicycle down the grade would be greatly accelerated.   Care commensurate with the change of condition is required.   For nearly a thousand feet, up over the crest of the hill and down the grade, there was no evidence tending to show the speed of the bicycle, its condition, or the care required or used on the part of the decedent.   On the testimony it may well be asked whether the

headlight of the bicycle became loosened and entangled between the spokes of the front wheel and threw him to the ground or whether Hall did not lose control of the bicycle from that or other cause; whether he was able to and did control the speed, steady it down the hill, and keep it straight in its course; and whether he was overcome by dizziness or sickness, from which the evidence tended to show he was suffering that morning, and suddenly veered to the left in front of the automobile. These questions are fairly raised by the evidence. To answer them and say that the accident was not the result of his own negligence would be to indulge in the merest speculation; the case does not sustain the burden on this question, since there was no evidence from which the inference of due care can be drawn. *Goulette's Admr.* v. *Grand Trunk Ry. Co.,* 93 Vt. 266, 107 Atl. 118; *Rainey* v. *Grand Trunk Ry. Co.,* 84 Vt. 521, 80 Atl. 723; *Britch* v. *Town of Sheldon,* 94 Vt. 235, 110 Atl. 7.

While direct evidence of an eyewitness is not necessary, there must be some evidence tending to show that the deceased was without negligence proximately contributing to the injury. *Shumm's Admr.* v. *Rutland R. R. Co.,* 81 Vt. 186, 69 Atl. 945, 19 L. R. A. (N. S.) 973, or from which such inference may fairly be drawn. *Ryder* v. *Vt. Last Block Co.,* 91 Vt. 158, 99 Atl. 733. Enough must be shown to warrant the inference of due care. *Britch* v. *Town of Sheldon, supra,* and in this the case is wholly lacking.

[15] The argument of counsel, that the bicycle must have been in or near the center of the road when hit by the defendant's car, attempting to pass it on the right, traveling four times faster than the bicycle when the oversized tire of the automobile struck the rubber tire of the rear wheel of the bicycle, a little to the right of the center, and threw it violently to the left and the rider to the right, and so crushed the front wheel, is untenable and without evidence. Neither would such a theory account for the want of dents or scratches on the rear of the bicycle or the position of the lantern, or lack of marks on the front of the automobile. Conjecture is no proof in him who is bound to make proof. *Gilman* v. *Central Vt. Ry. Co.,* 93 Vt. 340, 107 Atl. 122, 16 A. L. R. 1102; *Cumming's Admr.* v. *Town of Cambridge, supra.*

The other questions raised by the defendant's exceptions, in respect to the admission and exclusion of evidence and con-

duct of counsel, are of such a character that they would not be likely to recur on a new trial, so need not be considered. Standing as it does on a motion to set aside the verdict, the case must be remanded.

*Judgment reversed, verdict set aside, and cause remanded.*