FRED BOMBARD *v.* PARK NEWTON.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Highways—Respective Rights of Person Driving Cows and Person Driving Automobile—Evidence Warranting Finding of Excessive Rate of Speed and Negligence—Freedom from Contributory Negligence May Be Inferred from Circumstances—Facts not Constituting Contributory Negligence as Matter of Law.*

1. A person has the same right to drive his cows along a highway as an automobile owner has to drive his machine over it, and each owes to the other the duty of so exercising his own right as not to interfere with that of the other.

2. In an action for death of plaintiff's cows killed on the highway by defendant's automobile, the capacity of the automobile to do harm, the viatic vagaries of cows, and the fact that it was in the nighttime, were conditions affecting, merely, the degree of care and vigilance required of the parties respectively.

3.  In such case, the facts and circumstances attending the accident support the trial court's finding that the defendant was driving at an excessive rate of speed, and negligently failed to discover the cows in time to avert the accident.

4.  While, in such case, the burden is on the plaintiff to prove that he was free from contributory negligence, direct or affirmative evidence is not required, but it is sufficient. that enough is shown to warrant an inference of due care.

5.  The fact that the cows were being driven in the nighttime instead of being led, that the person in charge of them carried no light, and that he did nothing to get the cows out of the way when he saw the automobile approaching, was not conclusive on the question of plaintiff's contributory negligence; those things not being expressly required by law.

ACTION OF TORT for negligently killing plaintiff's cows with an automobile on a public highway. Plea, the general issue. Trial by court in the St. Albans City Court, Franklin County, *N. N. Post,* City Judge. Judgment for the plaintiff. The defendant excepted.

One Church, the plaintiff's authorized agent, was driving two of plaintiff's cows from St. Albans to Georgia Center, to the farm of one Lapan, a distance of six miles. The cows were started late in the afternoon and at the time, when the accident occurred, at a point in the highway (which is the main highway between Burlington and St. Albans, an improved highway, much used by automobiles) about five and three-fourths miles from the city, it was dark and had been for some little time. Church had no light, did not have any halter or rope attached to the cows, and did not carry any whip or stick with which to guide them. At the place of the accident the highway was straight, comparatively level, of ample width, and with a clear, unobstructed view either way for about a quarter of a mile. The larger cow was in the lead, walking in the right-hand traveled track going south, the other cow was in her rear in close proximity, a little to the right, and Church was at the right of the rear cow with his left hand resting on her right hip. They had been in this position for a distance of about twenty rods, as they went along, when Church saw the bright lights of an automobile coming from the south toward him. The facts of the collision are stated in the opinion.

The defendant testified that he was driving the car; that it was traveling on the easterly side of the road; that it was running at the rate of twenty-five miles per hour; that he saw no objects in the highway in front of the car until he saw the leading cow; that he saw her when within not over fifteen feet away; that he applied the brakes, and turned the car toward his left, the west, to avoid hitting her, if possible; that the cow was in the center of the road, headed east, and he did not see the other cow and did not know that the car hit her until it was all over and he was told. The court found the facts as testified by the defendant to be true, except that the leading cow was in the center of the road.

The court found: "(1) That the plaintiff and defendant had equal rights and privileges in and to the highway, the plaintiff an equal right to use the highway to drive his cows, as the defendant to run an automobile, both subject to conditions and emergencies attending the use each are making of the highway; the rights and obligations of the meeting parties were mutual; (2) that the plaintiff was not guilty of contributory negligence, and was exercising due care in driving the cows; (3) that the defendant was guilty of negligence, in that, in the circumstances as indicated by the facts herein stated, that he was driving at an excessive rate of speed, failed to observe the cows as he approached with the car, the cows being on the highway, and in not exercising due care."

*C. G. Austin & Sons* for the defendant.

*H. P. Dee* and *F. L. Webster* for the plaintiff.

POWERS, J. [1, 2] The plaintiff had as good a right to drive his cows along the highway as the defendant had to drive his automobile over it. *Robinson* v. *Flint, etc., R. Co.,* 79 Mich. 323, 44 N. W. 779, 19 A. S. R. 174; *Smith* v. *Matteson,* 41 Hun. 216. The parties had equal and reciprocal rights to the use of the road, and each owed the other the duty of so exercising his own right as not to interfere with that of the other. *Aiken* v. *Metcalf,* 80 Vt. 196, 97 Atl. 669. The fact that it was in the nighttime affected the rights of the parties only as it bore upon the amount of vigilance each was bound to exercise. The fact that the defendant was operating an automobile, an instru-

mentality whose capacity for harm is well exemplified by the results in this case, and the fact that the plaintiff was driving cows, animals whose viatic vagaries have come to be known of all automobile drivers, were conditions affecting, merely, the degree of care required of the parties respectively.

[3]   On the question of the defendant's negligence, the court found that he was driving at an excessive rate of speed, and that he negligently failed to discover the cows in time to avert the accident.   These findings are fully supported by the evidence.   As to the first, the defendant admitted that he was going "about" twenty-five miles an hour; and the results of the catastrophe indicate rather strongly that he underestimated his speed.   The cows were walking along the road, one behind the other.   The one ahead was spoken of as "the big cow."   The automobile struck her on her right side as she turned east, and threw her into the middle of the road in a dying condition.   As a result of this collision, the car skidded, and as the rear end swung around sharply to the left, it struck the other cow, killing her instantly and casting her dead body a distance of 57 feet to the north and west.   The machine itself, at a point 40 or 50 feet from where it struck the first cow, shot across the road to the right and buried its front end in the bank.   Surely, all this was enough to support the first of the above findings.

As to the other, the defendant testified that he did not see the big cow until he was within about 15 feet of her.   Yet the road was straight and level, and, according to the evidence, his headlights were in good condition and lighted the road ahead throughout its full width for a distance of 18 or 20 rods.   The cow was walking in the west wheel track, which was the side on which she belonged, and, if the defendant had been exercising anything like the watchfulness that the circumstances demanded of him, he should have sooner discovered the cow in the road.

[4] .  Nor can we sustain the defendant's claim that there was no evidence tending to show that the plaintiff was in the exercise of due care.   We agree that contributory negligence would defeat the action, and that the burden of proof was on the plaintiff.   But direct or affirmative evidence to this point is not required.   *Ryder* v. *Vt. Last Block Co.*, 91 Vt. 158, 99 Atl. 733. All that is necessary is that enough be shown to warrant an inference of due care.   *Cross* v. *Fiber Leather Co.*, 90 Vt. 397, 98 Atl. 1010.

[5]  The case before us shows that the two cows were walking quietly along on the right hand side of the road, in charge of the plaintiff's employee.  The big cow was in the wheel track as stated above; the other was walking a little outside of the track. The man was walking at the side of the latter cow with his hand on her hip.  It was in the evening.  The cows were giving the attendant no trouble whatever, being "good handlers," as the plaintiff put it.  They were not roped or haltered, nor did the man have a stick or whip with which to guide them.  There was nothing unusual in the method used.  There is nothing to indicate that unusual methods were required.  Everything was going well, until the automobile came on to them, swerving toward their side of the road, when, apparently, the big cow was frightened by it and turned to the left.  Complaint is made that the man did nothing to get the cows out of the way when he saw the machine approaching.  The law did not require him to.  He was rightfully there, and had a right to assume that the driver of the car would give him his share of the road.  When he discovered that there was going to be a collision, it was too late to act.

It is suggested that he ought to have carried a light.  But the law does not expressly require it, and we cannot say as matter of law that it was necessary.  Indeed, a light would not have saved him, for, as we have seen, the· lights of the automobile brought him into the driver's plain view when the car was yet 18 or 20 rods away.  The mere fact that the cows were being driven instead of being led, is not conclusive.  *Fitzsimmons* v. *Snyder*, 181 Ill. App. 70; *Bewernitz* v. *Detroit, etc., Ry.*, 195 Mich. 528, 161 N. W. 976, L. R. A. 1917 E, 767.  The simple truth is that the whole question is one of fact.  It is one of those practical questions especially adapted to the consideration of men of common sense and experience, and cannot be ruled as a question of law.

*Judgment affirmed.*