## WEBSTER v. POLLOCK.

*Negligence—Automobiles—Proper control of car—Dark night and dimmed headlights—Section 12614-1, General Code—Exercise of care—Failure to carry lights—Driving cattle on highway at night—Not negligence per se.*

1. If the night is so dark that the operator of an automobile must depend upon the light from his machine to see the condition of the highway, he is operating his machine negligently unless it is under such control that he can stop or avoid an obstruction, or traffic thereon, within the range of the light produced by the lamps on his automobile.

2. The operator of an automobile is not excused from the requirements of the above principle when the lights on his machine are dimmed while passing other machines under the provision of Section 12614-1, General Code (107 O. L., 540).

3. In the absence of a statutory requirement it is not negligence *per se* for a person driving cattle on the public highway in the night season to fail to carry lights, but it is a fact for the jury to determine under the evidence whether a person so doing is in the exercise of ordinary care.

(Decided September 10, 1921.)

ERROR: Court of Appeals for Ashtabula county.

*Mr. Chas. J. Ford* and *Mr. H. E. Starkey,* for plaintiff in error.

*Mr. H. J. Redmond,* for defendant in error.

POLLOCK, J.   The plaintiff in error in this action seeks to reverse the judgment of the court of common pleas in an action in which the defendant in error, M. Pollock, was plaintiff, and the plaintiff in error, Glen Webster, was defendant.

For convenience, we will refer to these parties, plaintiff and defendant, as they appeared in the court below.

There is a public highway in Ashtabula county extending from the city of Ashtabula to the village of Geneva. It is a brick paved road, and much traveled. On the night in question the plaintiff was driving seventeen head of cattle westerly along this highway. These cattle were in charge of the plaintiff and his employes. While he was driving the cattle along this road, Webster, traveling in an automobile and going in the same direction, ran into these cattle, killed one and injured others. Webster's car turned into the ditch at the side of the road, and was damaged.

Pollock brought an action in the court of common pleas claiming that his damage occasioned by the injury to the cattle was caused by the reckless driving and operating of the automobile by Webster.

Webster filed an answer to this petition in which he denied that the collision between the automobile and the cattle was caused by any negligent act of his. He further filed a cross-petition in which he asked compensation for the loss which he suffered by reason of the damage to his automobile.

He alleges that immediately before the accident he was passing three other automobiles going in the opposite direction; that he, as required by the Code of this state, dimmed his lights, and for that reason was unable to see ahead of his car, and that just as he passed the last automobile he was right upon this herd of cattle; that he could not stop, and attempted to turn his car so as to avoid injury to the cattle, but struck the cattle, with the result that his automobile was damaged.

He alleges that the plaintiff was negligent in not carrying lights while driving the cattle along the public highway, and in not making any outcry to

warn him that the cattle were on the public highway; and that the damage to his car was caused by these negligent acts of the plaintiff.

There is a sharp conflict between the testimony of the plaintiff and the defendant in this action. It appears that it had been raining shortly before the accident, and that the night was very dark, so that the operator of an automobile was unable to see the public highway except from the lights on his automobile.

The errors complained of in the court below are claimed to be in the charge.

The court charged the jury that it was the duty of Webster, in driving his car on the public highway on this night, to keep it in such control that the car could be stopped within the range of the light produced from the lamps of his automobile. In this charge, the court said to the jury that it was the duty of the defendant to drive his car at such a rate of speed that if there was an obstruction in the road he could stop within the distance that the obstruction could be seen from the lights on his machine.

The legislature of this state, and perhaps of all the states, now requires motor vehicles, when operated upon the public highways in the nighttime, to be equipped with lights, and that the lights be kept burning. This requirement is for the safety of travelers on the public highway.

The only object that the legislature could have in enacting such a provision is to enable persons traveling on the highway to see the approach of a motor vehicle, and further to enable the operator of the automobile to see any obstruction or traffic that may be on the public highway, in time to avoid run-

ning into such obstruction or traffic, either by stopping or by turning the car to avoid the obstruction. If the operator of an automobile is permitted to operate at a greater rate of speed when the night is so dark that he must rely upon the lights from his machine to see the public highway the statutory requirement would be wholly useless. We think it is a reasonable requirement. If the night is so dark that the operator of an automobile must depend upon the light from his machine to see the condition of the highway, he is negligent unless the machine is under such control that he can stop or avoid an obstruction or other traffic thereon within the range of the light produced by the lamps on his automobile. *Lawson* v. *Town of Fond du Lac,* 141 Wis., 57 (123 N. W. Rep., 629); *West Construction Co.* v. *White,* 130 Tenn., 520 (172 S. W. Rep., 301); *Cleveland, Painesville & Eastern Ry. Co.* v. *Sites,* 12 C. C., N. S., 73, and *Pietsch* v. *McCarthey,* 159 Wis., 251 (150 N. W. Rep., 482).

But it is urged, that, although this may be a legal requirement under ordinary conditions, at the time of this accident, or immediately before, the defendant had his lights dimmed under the requirement of Section 12614-1, General Code (107 O. L., 540), and for that reason the principle does not apply in this case. He claims that he was right up on these cattle when he turned his lights on after passing the other automobiles and that for that reason the principle should not have been given in charge to the jury.

This section requires a person operating an automobile in the nighttime, when he is approaching other machines coming in the opposite direction, to dim, control, deflect or so adjust the lights on his automobile that at a distance of two hundred feet or

more in front of the car no part of the intensified rays of light shall be visible more than three and one-half feet above the surface of the highway. This requirement prevents the operator, while passing a machine, from seeing the road in front of his car, from the light of the lamps on his car, for as great a distance as he can at other times.

This act of the legislature was intended to make travel on the highway, at times when automobiles are passing, safer than if they are permitted to pass without the intensified rays from their lights being controlled.

The same rule of safety would require the operator of an automobile to reduce the speed, so that he would have his car under control at that time just as much so as at other times, in order to avoid coming in collision with other objects on the highway.

We can see no reason why the principle above announced should not apply while cars are passing. The operator of an automobile is not excused from the legal requirement to have his machine under control when the lights on his machine are dimmed while passing other machines, under the provision of the Code. *Knoxville Ry. & Light Co.* v. *Vangilder,* 132 Tenn., 487; 178 S. W. Rep., 1117, and *Pietsch* v. *McCarthey, supra.*

It was further urged that the court erred in not directing the jury that if they found that the plaintiff was driving his cattle along the public highway on this night without lights, that he was guilty of negligence as a matter of law. This, the court did not do, but charged the jury that it was a question of fact for them to determine from the evidence whether he was in the exercise of ordinary care in driving the cattle along the highway without lights.

Until recent years, there was no legislative pro-
vision requiring one traveling on the public highway
in the night season to carry lights, but since the ad-
vent of rapid motor vehicles, the legislatures of this
state and others have deemed it wise to require peo-
ple traveling on the public highways in such vehicles
to have them lighted. By a recent act of the legis-
lature of this state this provision was extended to
include horse-drawn vehicles, but the legislature has
not yet required parties driving cattle or other ani-
mals on the public highway in the night season to
carry with them lights.

Prior to these legislative enactments, we think the
principle had never been announced that it was neg-
ligence *per se* for a traveler on the public highway
to fail to have his vehicle lighted. It was a ques-
tion whether, under all the circumstances of each
particular case, the failure to carry lights was neg-
ligence.

In the absence of a statutory requirement, it is
not negligence *per se* for a person driving cattle on
the public highway in the night season to fail to
carry lights, but it is a fact for the jury to deter-
mine under the evidence whether a person, so doing,
is in the exercise of ordinary care. *Bombard* v.
*Newton,* 94 Vt., 354, 111 Atl. Rep., 510, 512.

The only other error urged was that the court did
not properly charge the jury with regard to the ex-
ercise of ordinary care on the part of plaintiff while
driving these cattle on the highway. Without here
quoting the part of the charge complained of, or
making further reference thereto, we think that the
defendant has no right to complain of that part of
the charge as given.

This includes all the errors urged, and the judgment of the court below is affirmed.

*Judgment affirmed.*

Farr and Houck (of the Fifth Appellate District, sitting in place of Roberts, J.), JJ., concur.