BUDDENBERG v. KAVANAGH.

*Negligence—Automobiles—Duty of driver to stop car, when— Contributory negligence—Operating car after driver blinded by approaching headlights.*

1. It is the duty of a driver of an automobile to stop his car when for any reason he cannot see where he is going.
2. Where a petition recites that plaintiff was blinded by the lights of an approaching machine so as to be unable to see the street ahead of him, and that while so driving he collided with another machine negligently left in the street, the contributory negligence of the plaintiff is apparent and there is nothing to submit to the jury.

(Decided January 22, 1923.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Mooney, McCormack & Roth,* for plaintiff in error.
*Mr. Paul Howland,* for defendant in error.

MAUCK, J. The plaintiff, Buddenberg, filed his petition against R. J. Lisle and Thomas Kavanagh to recover damages by reason of his injuries sustained in running his automobile into Kavanagh's motor truck. No service was had upon

Lisle, and trial was had upon the issue raised between plaintiff and Kavanagh.

The petition recites that the plaintiff was driving his machine north on West 112th street and continues:

"That as he approached Detroit avenue, as above set forth, a machine owned and driven by the said defendant, R. J. Lisle pulled over on the easterly side of the street, throwing its headlights into the face of the plaintiff herein and blinding him so that he was unable to see the street ahead of him, and compelled him to pull close up to the curb on the easterly side of the street; that while so driving, after being forced against the curb, he drove into an automobile owned by the defendant, Thomas Kavanagh, which he had left standing on the wrong side of the street without any light, signal or warning whereby to apprise the plaintiff of the fact that the machine was standing in said street without any light thereon."

The plaintiff also pleads a city ordinance requiring a vehicle in the streets, after night, to be lighted, which ordinance contains substantially the same provisions as the statute covering the same subject-matter.

Kavanagh's answer admits ownership of the truck, and its position in the street at the time and place mentioned, the existence of the ordinance, and then denies generally. It further contains the plea of contributory negligence, setting up a number of specifications thereof only one of which, however, is of present interest, to-wit, that the plaintiff was guilty of contributory negligence in driving his car in his blinded condition.

At the conclusion of plaintiff's testimony, the defendant made a motion to arrest the case, and

for a directed verdict, and this motion was sustained. To the judgment that followed, the plaintiff prosecutes error to this court.

So far as the charge of negligence against the defendant is concerned, it is sufficient to say that the record tends to establish negligence upon his part, and that the case could not have been arrested on that ground.

The remaining question, therefore, is whether the plaintiff himself developed such a case of contributory negligence, either by his petition or his proof, as to warrant the trial court in taking the case from the jury. This requires us to examine the petition and the evidence with reference to the controlling rule of law.

The available authorities seem to us to be in harmony, and to establish the doctrine that it is the duty of the driver of a car to stop his machine whenever he is so blinded as to be unable to see the way in front of him.

In *Budnick* v. *Peterson,* 215 Mich., 678, the Supreme Court of Michigan was considering the defense of one who had run down a boy, and who was attempting to excuse the action by showing his inability to see. The court said:

"This defendant did not see Peters. If his vision was obscured by the glaring lights of the approaching car, it was his duty to slacken his speed and have his car under such control that he might stop it immediately if necessary."

In *Jaquith* v. *Worden,* 73 Wash., 349, 48 L. R. A., (N. S.), 827, it is held:

"The driver of an automobile is negligent in proceeding along a city street when he is so blinded

by the headlight of an approaching car that he cannot see objects ahead of him.''

The driver in that case had testified that he was blinded by a street car headlight. Of the driver's testimony, the opinion says:

''He [the driver] said, that he was so blinded by the rays of the headlight of the approaching street car that he could not see ahead; that he could not have seen a person, and that he did not see the machine until he struck it; that he was then thrown from his seat, his foot striking the lever, causing the car to increase its speed. Under his own testimony he was guilty of most pronounced negligence. He was proceeding in utter disregard of the presence of other travelers or objects ahead of him. Had he been without eyes or had he closed them, he would have been in no worse position. To proceed at all in the face of those conditions was at his peril.''

In *Hammond* v. *Morrison*, 90 N. J. L., 15, 100 Atl., 154, the Supreme Court of New Jersey held:

''A motorist who is temporarily blinded by the reflection of lights on his wind shield should stop his machine, and is guilty of negligence in proceeding blindly, and hence is liable when he ran blindly into a trolley car, catching the conductor, who was on the ground adjusting the trolley, between the machine and the trolley car, killing him.''

In commenting upon the driver's claim that he was blinded by the reflection of the street lights on his windshield, the opinion reads:

''His own story demonstrates his lack of care. No man is entitled to operate an automobile through a public street blindfolded. When his vision is temporarily destroyed in the way which

the defendant indicated, it is his duty to stop his car, and so adjust his windshield as to prevent its interfering with his ability to see in front of him.''

In *Kilgore* v. *Birmingham Ry., Light & Power Co.,* 200 Ala., 238, 75 Southern, 996, a slightly different rule is formulated. In that case the Supreme Court of Alabama says:

''Where the headlight of a street car blinded a pedestrian and driver of an automobile, and injuries to pedestrian resulted from a collision with the automobile, negligence will be attributable to the driver of the automobile, unless the collision was so immediate upon the blinding effect of the rays of the headlight, that the driver of the automobile had no adequate opportunity to stop his machine before striking the pedestrian, or to avoid a collision.''

In this last case, cited with apparent approval in Berry on Automobiles (3 ed.), 382, Section 376, it appears that the driver might, under circumstances, be relieved of liability, if the collision was so immediate after his being blinded, that he had no opportunity to stop his machine before avoiding the collision. But if we adopt this view, the plaintiff clearly does not come within the exception suggested. He says that the headlights on Lisle's car blinded him, and he tells to what extent he was blinded, to-wit, ''so that he was unable to see the street ahead of him.'' Now, far from showing that the collision immediately resulted, and before he had had an opportunity to stop his machine, he pleads that he was compelled to and did ''pull close up to the curb on the easterly side of the street.'' Even after he had changed his course and pulled over to the curb on

the east side of the street, he might have stopped his car, as the authorities say he should have done, but he did not, for he says, "while so driving, after being forced against the curb, he drove into an automobile owned by the defendant," etc. The petition on its face, therefore, shows that, after the plaintiff was blinded and unable to see the street, he did not stop his machine, but changed its course and there resulted the collision he complains of. The petition, therefore, on its face shows a case of contributory negligence barring recovery.

The plaintiff makes a slightly better case on testimony than he does in his petition, but he is bound by the terms of his petition and cannot recover upon a different state of facts than that pleaded by him. For this reason we conclude that the trial court was right in arresting the case and directing a verdict for the defendant.

*Judgment affirmed.*

SAYRE, P. J., and MIDDLETON, J., concur.

Judges of the Fourth Appellate District, sitting in place of Judges VICKERY, SULLIVAN and LEVINE, of the Eighth Appellate District.