## Doran v. Bethards.

*Negligence—Approaching automobile collided with truck parked on highway at night—Questions for jury—Whether truck parked off improved portion of highway—Contributory negligence of approaching driver—Refusal of directed verdict for truck owner justified by evidence.*

1. When a truck, in the night season, stops upon the improved portion of the highway, the question as to whether such truck was parked off the improved portion of the highway is a question for the jury to determine under all of the evidence and circumstances of the case.

2. The question of the contributory negligence of the owner and driver of an automobile approaching such truck in the night season is ordinarily a question for the jury.

3. The trial court was justified in refusing to instruct a verdict for the defendant in a case where there was testimony tending to show that at the time of collision with a truck the owner and driver of an automobile was driving at a slow rate of speed; that the lights on his automobile were burning brightly; that he was keeping a lookout ahead for other vehicles; that shortly before driving into such parked truck he observed a pocket of fog which partly obscured his vision; but where there is also evidence tending to show that the truck was parked a considerable distance upon the paved roadway and that there were no lights upon the truck.

(Decided January 13, 1927.)

Error: Court of Appeals for Clark county.

*Messrs. Martin & Corry,* and *Messrs. Allaman, Funkhouser & Murr,* for plaintiff in error.

*Mr. George W. Tehan* and *Mr. Harry A. Brenner,* for defendant in error.

Kunkle, J. Defendant in error brought suit

against plaintiff in error and sought to recover damages for injuries resulting from a collision between the automobile driven by defendant in error and a truck in the possession of plaintiff in error.

The collision occurred in the night season on the National Road near the village of Donnellsville. The truck was driven by plaintiff in error to a point on the National Highway, where it was stopped and remained stationary until the time of the collision. Defendant in error approached in his automobile and struck the truck in the rear, resulting in damage to defendant in error.

The petition of defendant in error, among other things, contained the following averments:

"Plaintiff says that on or about the 3d day of October, 1925, he was driving said Ford car east on the right-hand side of the National Road, through a fog then hanging on said road, and a few miles west of Donnellsville in Clark county; Ohio, and maintaining à speed of about 15 miles per hour, and at about the hour of 11:45 p. m., when he arrived at the point designated on said National Road, without fault or negligence on his part, struck the motortruck owned by the defendant, and the plaintiff was violently thrown about in said Ford automobile and injured.

"Plaintiff says the National Road at the point above described is improved with a driving space in the center of same, built of concrete, 16 or more feet in width, and said road is also improved with a berm, 6 feet or more in width on each side of said concrete portion thereof, to allow the parking of automobiles off the concrete part of said road;

that the state highway commission of Ohio, prior
to said date, placed signs along said National Road
notifying the operators of motor vehicles that it
was contrary to the rules of said highway com-
mission to park automobiles upon the concrete por-
tion of said road.

"Plaintiff says that at the time of the collision
aforesaid the defendant was guilty of negligence
and carelessness towards the plaintiff in this, that
the defendant unlawfully stopped and parked his
motortruck, carrying license No. T62943 on the
said National Road at the time aforesaid on the
concrete portion of said highway, and did not have
the front and rear right wheels within one foot of
the right-hand side of the improved portion of said
road; that the said defendant did stop and park
his said motortruck so as to obstruct a free passage
on the south side of the concrete portion of said
National Road; that the said defendant did not
stop and park his said motortruck upon the berm
portion of said National Road, although at said
time and place, said truck was in good operating
condition, and at such time and place there was no
emergency requiring the said motortruck to be
stopped on the concrete portion of said highway
as aforesaid; that at said time and place the de-
fendant parked his motortruck as aforesaid during
the hours of one-half hour after sunset to one-half
hour before sunrise, namely at the hour of 11:45
o'clock p. m. on the day hereinafter described and
without displaying a red light from behind said
vehicle and without a white light so displayed as
to illuminate the number borne upon the rear num-
ber plate of said motortruck; that the said defend-

ant at the said time and place did park his said
motortruck while a fog was in existence over the
said National Road at the place before described,
the said fog being of such a density that it rendered
it impossible to see at least 200 feet ahead of a
motor vehicle, without a red light from behind said
vehicle and without a white light so displayed as
to illuminate the number borne upon the rear
number plate of said motortruck; that at the time
and place aforesaid the operator of the motor
vehicle of the defendant then and there knowing
of the constant traffic upon said National Road
did then and there park the defendant's said
motortruck upon the concrete portion of said Nat-
ional Road lawfully required to be used by auto-
mobiles and other vehicles coming east on the same,
and then and there, after stopping his motortruck
as aforesaid, go to sleep on the driver's seat of
said motortruck, and at the time and place of the
collision aforesaid was sleeping as before de-
scribed.''

The plaintiff in error for answer, in substance,
admits that, while he was operating his truck at
the time and place in question, said truck was run
into from the rear by the automobile owned and
driven by defendant in error, and that as a result
of said collision defendant in error sustained some
injuries and his automobile was damaged to some
extent; that he is not advised as to the severity
or extent of said injuries or damages, and there-
fore denies the same and denies the other acts of
negligence set forth in the petition.

The case was tried and submitted to a jury with
the result that the jury returned a verdict in favor
of defendant in error in the sum of $2,500. A motion

for a new trial having been overruled and judgment entered on the verdict, error is prosecuted to this court.

There was a conflict in the evidence as to the location of the truck upon the highway and also as to whether the lantern upon the rear of the truck was lighted at the time of the collision.

Defendant in error submitted his own and other testimony tending to support the averments of his petition, and showing that the truck was stationary or parked on the paved portion of the National Road, and that there was no rear light on the truck.

The testimony offered by defendant in error also tended to prove that there was a pocket of fog over the highway near the point of the collision, making it difficult for him to see any considerable distance ahead. He claims that he slowed down the automobile which he was driving to about 15 miles per hour, and kept a careful lookout ahead, but did not discover the truck upon the paved portion of the highway in time to prevent the accident.

Plaintiff in error offered testimony tending to prove that the front wheels of his truck were well off the paved portion of the highway, and the rear wheels of his truck just off such paved portion, and that the lantern on the rear of his truck was burning and was broken by the collision, that he afterwards picked up the broken glass of the lantern and that the glass was still warm.

As above stated, there was a sharp conflict in the testimony as to the position of the truck on the highway at the time of the collision, and also as to whether any light was burning on the rear

of the truck. The jury evidently determined this conflict in favor of defendant in error.

The principal grounds of error relied upon in the argument in this court are:

(1) That the trial court erred in refusing to instruct a verdict in favor of plaintiff in error.

(2) That the trial court erred in its charge to the jury in respect to the law as to whether plaintiff in error should have parked his truck on the gravel berm or whether he could allow the truck to stand in part upon the paved portion of the highway.

The instructed verdict was urged upon the authority of two reported cases of the Court of Appeals, viz. *Webster* v. *Pollock*, 15 Ohio App., 102, and *Buddenberg* v. *Kavanagh*, 17 Ohio App., 252.

The case of *Webster* v. *Pollock* did not involve an instructed verdict, and in addition there was no violation of law by the owner of the horses, which were being driven upon the highway. The court under the peculiar circumstances of that case instructed the jury generally that the defendant, the driver of the automobile, was bound to keep his car under control so as to be able to stop his car within the range of the view afforded by the lights on the car. We think that case is distinguishable from the case at bar.

In the case of *Buddenberg* v. *Kavanagh*, there was an instructed verdict, but it appeared both from the pleadings and the evidence that an automobile with bright lights was approaching from the opposite direction and that the driver of defendant's car was wholly blinded by the bright lights. The court held that it was defendant's

duty as a matter of law to stop his car until the temporary condition producing absolute inability to see had passed. In the case at bar, however, according to his own testimony, defendant in error was proceeding cautiously. His bright lights were burning, and the defective vision was caused by a pocket of fog, and, as he claims, by the absence of a light on the rear of the truck. We are of opinion that the peculiar facts in this case are distinguishable from the case of *Buddenberg* v. *Kavanagh,* and that the court was justified in overruling the motion for an instructed verdict.

Counsel for plaintiff in error also rely upon the decision of the Supreme Court in the case of *Elms* v. *Flick,* 100 Ohio St., 186, 126 N. E., 66. The first paragraph of the syllabus in that case is as follows:

"The term 'the road' as used in Section 6310, General Code, should be construed to mean the improved portion of the road, where it is disclosed that it is of ample width to permit the passing of automobiles thereon with safety."

That was a case wherein a collision occurred by reason of the failure of the driver of the automobile to keep to his proper side of the road and allow sufficient clearance for the other automobile. The facts in that case disclose that the road was paved to a sufficient width to have allowed the automobiles to safely pass each other had the driver of each car kept to his proper place on the paved portion of the road. The case involved a construction of the statute usually denominated "The Rule of the Road." In construing the statute of the "Rule of the Road," Judge Matthias says:

"The law should not be so interpreted and ap-

plied as to lend aid and encouragement to the 'road hog.' He needs none.''

We think the case of *Elms* v. *Flick* is clearly distinguishable from the case at bar.

In regard to the second proposition, the trial court, among other things, instructed the jury as follows:

''Another statute which the court will read in part provides that it shall be the duty of every person who operates, drives, or has upon any public highway, a vehicle on wheels, during the time from one-half hour after sunset to one-half hour before sunrise to have attached thereto a light or lights, the rays of which shall be visible at least 200 feet from the front and 200 feet from the rear.

''There is another section of the statutes which provides that no vehicle shall stop on any road or highway, except with the front and rear right wheels within one foot of the right-hand side of the improved portion of the road, nor in such way as to obstruct a free passage of the road, provided nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations or emergencies.

''I think the statutes I have just read need no further explanation except the last one, which provides that a driver must stop with the front and rear right wheels within one foot of the right-hand side of the improved portion of the road. It then becomes necessary for the jury to determine which is the improved portion of the highway. The highway itself is the entire space between the private property on each side and not necessarily,

and not often, in fact, is it limited to the traveled portion of the road.

"It is for the jury to say in this case whether the improved portion of the road is only that portion which is concrete, or whether it includes the berm along the side of the concrete portion of the highway.

"The court charges the jury that the improved portion of the highway is that portion which has been provided and designated for the use of traffic and is so regularly used.

"With that definition in mind, you will apply it to the evidence and facts as they existed at this point, and determine whether or not the truck of the defendant was parked in requirement with the law."

We are of opinion that the instructions of the trial court as to what constitutes the improved portion of a highway, under the statute above quoted which requires the parking of automobiles to be within one foot of the outer edge of the improved portion of the highway, when considered as a whole, were substantially correct. At least the instructions were not prejudicial to plaintiff in error. There being a conflict in the evidence as to where the truck in question was parked, in reference to the paved portion of the highway, it became the duty of the court to instruct the jury generally as to the law and to permit the jury to determine the facts and apply the court's instructions thereto.

We have considered all of the grounds of error urged by counsel for plaintiff in error in their very exhaustive brief, and upon such consideration

are of opinion that there is no error in the record prejudicial to plaintiff in error.

·We are also of opinion that the amount of the verdict, while liberal, is not so excessive as to justify this court in disturbing the same upon the ground that the same is excessive.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.