Maria **PRITCHARD**, Plaintiff-Appellee,

v.

Edith **NELSON**, Doris E. Beckett, Executrix, Defendant-Appellant.

No. 111, Docket 23730.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1955.

Decided Dec. 13, 1955.

J. Malcolm Williams, Poultney, Vt., Lawrence & O'Brien, Rutland, Vt. (Harold I. O'Brien, Rutland, Vt., of counsel), for plaintiff-appellee.

Ryan, Smith & Carbine, Rutland, Vt. (John D. Carbine and James T. Haugh, Rutland, Vt., of counsel), for defendant-appellant.

Before HAND, FRANK and MEDINA, Circuit Judges.

MEDINA, Circuit Judge.

In this diversity case, governed by the law of Vermont, plaintiff, a pedestrian, was struck by an automobile driven by defendant's testatrix, Edith Nelson, as plaintiff was crossing the street in Fair Haven, Vermont. Defendant appeals from a judgment entered on a verdict in plaintiff's favor.

The issue is a narrow one. Was the evidence sufficient to support a finding that plaintiff was not guilty of contributory negligence? If not, defendant's motion for a directed verdict should have been granted.

A Vermont statute, V.S. (Revision of 1947) § 1736, provides that in actions, except on book account, where one of the original parties to the contract or cause of action in issue and on trial is dead the other party shall not be admitted to testify in his own favor except to meet or explain the testimony of living witnesses produced against him. Plaintiff, while badly injured, survived, but Mrs. Nelson died before the trial.

Accordingly, plaintiff was not competent to testify, and no witnesses were called on defendant's behalf, nor was there any cross-examination of plaintiff's witnesses, all of whom had appeared on the scene after the accident.

Prospect Street, in Fair Haven, runs east and west; it is a two-lane, marked highway, having a macadam surface and lighted, at the scene of the accident, by two street lights and a gas station on the south side of the street and lights on the inside and outside of a market on the north side. Shortly after six o'clock in the evening of November 5, 1953, plaintiff was crossing from the south side to visit a neighbor across the street. There was testimony that only the parking lights on Mrs. Nelson's car were lit, although under the circumstances Vermont law required the lighting of headlights visible at least one hundred and fifty feet ahead. There was also testimony that Mrs. Nelson said she did not see plaintiff until too late to avoid the collision and that she did not sound her horn or set her brakes so they squealed. It was undisputed that Mrs. Nelson was driving in a westerly direction, and the jury might well have found from the evidence that plaintiff's body was discovered lying entirely south of the center line of the highway with her head toward the center line and her feet toward the south, facing west, and that at the time of the accident she had been wearing the eyeglasses and the white shawl which were found about ten feet east of where she lay.

While plaintiff had the burden of proof on the issue of contributory negligence, Hill v. Stringer, 116 Vt. 296, 75 A.2d 657, direct or affirmative evidence was not required. Huestis v. Lapham's Estate, 113 Vt. 191, 32 A.2d 115; Bombard v. Newton, 94 Vt. 354, 111 A. 510, 11 A.L.R. 1402; Cummings v. Town of Cambridge, 93 Vt. 349, 107 A. 114. If, from the circumstantial evidence above described opposing inferences as to plaintiff's freedom from contributory negligence were reasonably possible, the

880

issue was for the jury. Healy v. Moore, 108 Vt. 324, 187 A. 679.

■ Defendant contends, however, that there is no room for opposing inferences in this case because plaintiff did not prove that she looked for traffic in the farther lane before crossing. As "close to controlling" authority for her position, she cites McKirryher v. Yager, 112 Vt. 336, 24 A.2d 331, 332. We disagree. For that case is distinguishable in a crucial respect—the point of impact. There all the probative evidence tended to prove "that she [plaintiff] had passed the middle of the street and that the defendant was driving in his own traffic lane at the time of the accident * * *" But in the case at bar the jury could have inferred from the position in which plaintiff's body was found lying on the highway that she had not crossed the center line at the time of the accident and that defendant was driving in the wrong lane. The jury could also have found from the direction in which plaintiff was facing and from the other attendant circumstances that she had been watching for cars approaching from the west; and that she was in effect hit from behind. Since cars rightfully in the near lane would be coming from the west, the jury could have found that she was exercising proper care for her own safety. Duchaine v. Ray, 110 Vt. 313, 6 A.2d 28; Aiken v. Metcalf, 90 Vt. 196, 97 A. 669. If so, plaintiff was entitled to assume that a driver headed west would not wrongfully enter the left-hand lane, and that, having entered, would not compound the wrong by silently and without warning running her down, particularly as the white shawl she was wearing must have made her figure clearly visible in the well-lighted area. Colburn v. Frost, 111 Vt. 17, 9 A.2d 104; Duchaine v. Ray, supra; Dervin v. Frenier, 91 Vt. 398, 100 A. 760.

■ The decisive factor is that the collision occurred in the east-bound lane. Under these circumstances, according to the Vermont cases, plaintiff was under no obligation to prove that she was taking precautions to guard against cars coming in the west-bound lane from her right. McKirryher v. Yager, supra; Howley v. Kantor, 105 Vt. 128, 163 A. 628; Healy v. Moore, supra; Hill v. Stringer, supra.

Affirmed.

HAND, Circuit Judge (dissenting).

If there had been even the proverbial scintilla of evidence that the plaintiff had looked to her right before she left the south curb, I should agree that the jury might have found that she exercised care, and enough care, for her own safety; for, as I read it, the courts of Vermont have said that a pedestrian does not have to keep up a repeated watch while crossing a street. Aiken v. Metcalf, 90 Vt. 196, 97 A. 669; Healy v. Moore, 108 Vt. 324, 187 A. 679; Duchaine v. Ray, 110 Vt. 313, 6 A.2d 28. But I cannot find a single thread on which to hang the inference that she ever looked to the right at any time either preparatory to crossing or while crossing. I submit that the fact that she may have been struck south of the center line of the street is wholly irrelevant to whether she had looked to the right at any time, however important it may be in fixing the defendant's fault. To support the verdict we must either invoke a presumption that people do not cross two-way streets without looking both ways; or that the jury would have been justified in holding that a person passing across the street from south to north exercises enough care, if he does not look to his right before he gets within two or three feet of the center line. I do not understand that the plaintiff asserts that there is any such presumption in Vermont; and, if the jury in fact did hold that one need not look to the right before one actually crosses the center line, in my judgment they were patently wrong.

I hope it may not be amiss to add that a resort to such momentary lapses of care as we are all prone to everyday, as a means of dealing with what the

English call "running down cases" is to my mind at best exceedingly questionable. However, I did not make the law, or that added bit of procedure which kept the plaintiff off the stand in the case at bar; and I deem it my duty to apply the rules of Vermont as I find them, regardless of what my preferences might be, if I were free to rebuild the law nearer to my heart's desire. In this record I can find not a whisper to support the conclusion one way or the other as to whether the plaintiff took any care at all to watch for west-bound vehicles; and, if that were so, I do not understand that my brothers, any more than I, would think that the judgment should be affirmed.