**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1651

_____

MEGHAN E. KLEIN, Individually and in her Capacity as Executrix of the Estate of
Michael P. Donatucci,

Appellant

v.

\*STEPHANIE DONATUCCI, ADMINISTRATOR FOR THE ESTATE OF RONALD
R. DONATUCCI, SR., ESQUIRE, deceased, individually and his capacity as Register of
Wills of the City of Philadelphia and Clerk of the Orphans' Court Division of the Court
of Common Pleas of Philadelphia; RONALD R. DONATUCCI, JR.; RONALD
MICHAEL RONALD, L.P.; RRM ASSOCIATES, LLC; WILMINGTON SAVINGS
FUND SOCIETY, FSB; DEBRA J. FOGLIETTA; JAMES F. MANNION, ESQUIRE;
MANNION PRIOR, LLP; FRANK DESIMONE, ESQUIRE; BRIMFIELD CAPITAL,
LLC; HAU-KAY T. SIU; STEPHANIE DONATUCCI; and ROBERT AND RONALD
DONATUCCI, LP

\*Pursuant to Fed. R. App. P. 43(a) and Court's Order entered May 17, 2021

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-01364)
District Judge: Hon. Petrese B. Tucker

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2020

_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges.*

(Opinion filed: June 16, 2021)

_____

OPINION[*]

_____

FUENTES, *Circuit Judge.*

Meghan Klein, the executrix of her deceased fiancé's estate, appeals the District Court's dismissal of her federal claims against Ronald Donatucci,[1] her would-be father-in-law and the former Register of Wills and Clerk of the Orphans' Court for the City of Philadelphia, and several of his associates and family members (collectively, "Defendants"). Klein also appeals the District Court's denial of her motion for recusal. We will affirm the District Court in both respects.

I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case. At this stage of the litigation, we accept all non-conclusory allegations in Klein's complaint as true.[2]

Donatucci served as the Register of Wills for the City of Philadelphia for thirty-nine years. In this position, he was responsible for probating wills, granting letters of

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Donatucci died intestate on November 4, 2020, during the pendency of this appeal. We granted a motion to substitute Stephanie Donatucci, the administrator of his estate, pursuant to Federal Rule of Appellate Procedure 43(a)(1). However, for the sake of clarity, the Court will continue to refer to Donatucci as the main defendant in this action.

[2] *See Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).

administration and letters testamentary, and resolving disputes between claimants to estate assets. He was also able to amass a vast network of individuals who were beholden to him, due to the significant patronage power the position afforded. During this period, Donatucci held numerous other lucrative positions both throughout the City and in the private sector and was involved in various real estate and development deals, some of which he undertook with his two sons, Ronald, Jr. and Michael.

In July of 2016, when Michael committed suicide, he and Klein, his longtime girlfriend and fiancée, were living in an apartment adjoining Donatucci's home in South Philadelphia. When Klein discovered the body, she was already on the phone with Donatucci, who called 911.[3] But when police arrived, Donatucci had them sent away and replaced them with other police officers from outside the district with whom he was more familiar. With these new police officers on the scene, Donatucci was able to take some of Michael's possessions from the home Michael shared with Klein, including his cell phone and Tumi bag.[4] Klein later discovered that the Tumi bag contained Michael's will, which named her and his mother, Debra Foglietta, as sole beneficiaries and appointed Klein as executrix.[5]

---

[3] Klein suggests that Donatucci actually found the body hours earlier but failed to contact the police or paramedics.

[4] Donatucci, his family members, and certain Philadelphia City employees continued to remove items from the apartment in the days and weeks that followed.

[5] The cellphone, briefcase, and will are now in Klein's possession, though Donatucci maintained control of the cellphone and Michael's e-mail passwords for over two years.

As Register of Wills, Donatucci was responsible for overseeing the probate of Michael's will. His office did so in August 2016. Shortly after the probate, however, Donatucci began threatening Klein with a will contest in an effort to persuade her to sign over some of Michael's real estate interests. After she refused his threats, Donatucci embarked on a campaign to have Klein removed as executrix by, among other things: intentionally withholding information regarding the Estate and about Michael's death; persuading a bank to call in a loan on one of Michael's properties while not accepting her payments; thwarting the sale of said property to another buyer; enlisting law enforcement, government employees, and family members to intimidate Klein and her parents; and convincing Foglietta's counsel to file a will contest.

Klein subsequently initiated this suit in the Court of Common Pleas of Chester County, Pennsylvania against Donatucci and twelve other defendants who allegedly acted in concert with him to attempt to seize control over the Estate's assets. According to her complaint,

> at the heart of this case is the Register of Wills' gross abuse of one of the central functions of his Office—the probate process, which he has been able to use as a personal shield and weapon against his son's fiancée in pursuit of his own interests, including significantly to cover up circumstances surrounding his son's death on July 15, 2016 and to scheme and take control of Meghan's inherited property interests with the aim of his personal enrichment.[6]

She claims that Donatucci's actions against her beginning on the day of Michael's death were only made possible by "his nearly 40 years as Register, because this position was a

---

[6] J.A. 33 ¶ 2 (emphasis omitted).

4

platform for Donatucci's unfettered use of patronage hiring and the dispensation of other favors—for which he was owed favors in return and collected on them."[7] Klein asserted eleven counts against the Defendants, including two 42 U.S.C. § 1983 claims against Donatucci for violating her equal protection and substantive due process rights, one 42 U.S.C. § 1985 claim against almost all of the defendants for engaging in a civil rights conspiracy, and various state law claims.

Defendants removed the case to the United States District Court for the Eastern District of Pennsylvania and moved to dismiss the complaint. Klein then moved to have the District Court Judge assigned to the case recuse herself. The District Court granted Defendants' motions, dismissing the federal claims because it found that no state action had taken place,[8] and remanding the remaining state law claims. The District Court also denied Klein's motion for recusal. Klein timely filed the instant appeal.

II.[9]

---

[7] Appellant's Br. at 28.

[8] The District Court also concluded that, if the civil conspiracy claim was brought under 42 U.S.C. § 1983, it failed because no state action had taken place, and if it was brought under 42 U.S.C. § 1985, it failed because Klein failed to allege that Defendants were motivated by racial or class-based discriminatory animus.

[9] The District Court had jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Before the District Court, certain Defendants argued that the probate exception to federal jurisdiction should apply. The probate exception does not apply "unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008) (emphasis omitted). Klein's federal claims do not meet any of the above criteria. Because we agree that the federal

On appeal, Klein argues that: (1) the District Court erred in dismissing the complaint because it applied the wrong test for determining whether Donatucci was a state actor; and (2) the District Court Judge should have recused herself based on her previous employment with the Orphans' Court. Neither argument is persuasive.

A.

We exercise plenary review over a District Court's grant of a motion to dismiss,[10] and we may affirm for any reason supported by the record.[11] Klein fails to state a claim under both § 1983 and § 1985, and we will therefore affirm the District Court's dismissal.

To bring a claim under § 1983, a plaintiff must show that she was deprived of a federal constitutional or statutory right by a person acting under color of state law.[12] The District Court found that Klein failed to allege that Donatucci was a state actor for purposes of § 1983. Klein disputes this determination. But even if she is correct that Donatucci acted with state authority—a claim of which we are skeptical—she has failed to adequately allege any federal constitutional or statutory violation, and her § 1983 claims must therefore fail.

---

claims should be dismissed and the remaining claims remanded, we express no opinion as to whether Klein's claim for partition would be barred by the probate exception.

[10] *Byers*, 600 F.3d at 291.

[11] *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[12] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

Klein's first § 1983 claim asserts that Donatucci violated her equal protection rights under a "class-of-one" theory. To state such a claim, Klein must allege that "(1) [Donatucci] treated [her] differently from others similarly situated, (2) [Donatucci] did so intentionally, and (3) there was no rational basis for the difference in treatment."[13] Even applying the "relax[ed]" pleading requirements for a class-of-one theory, which "negat[es] the need for specificity,"[14] Klein fails to establish the first element. In an effort to identify similarly situated individuals, Klein suggests that Donatucci treated her differently from all others who came before him as Register of Wills. But this completely ignores the fact that Donatucci did, by Klein's own admission, probate the will without incident. The Court will not credit conclusory statements that by doing so Donatucci did not genuinely intend to confer authority on Klein. And any alleged bullying or intimidation of Klein was completely unrelated to her position as someone seeking to have a will probated. As such, Klein has failed to successfully plead a "class-of-one" equal protection claim.

In her second § 1983 claim, Klein asserts that Donatucci violated her substantive due process rights by "interfering with and trying to seize control of the Estate's interests in the real property bequeathed to her for his personal benefit."[15] To succeed in a substantive due process claim, "a plaintiff must establish as a threshold matter that [s]he

---

[13] *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

[14] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008).

[15] App. 104 ¶ 275.

has a protected property interest to which the Fourteenth Amendment's due process protection applies."[16]  Klein maintains that she has been deprived of her interest in "inherited real property."[17]  However, it is undisputed that Donatucci has *not* seized control of Klein's property interests—to the extent these exist and are entitled to constitutional protections[18]—despite allegedly attempting to.[19]  Klein therefore cannot show that she has suffered an actual deprivation so as to succeed in this claim, either.

Finally, Klein's claim under § 1985 is wholly unmeritorious.  To state a claim pursuant to § 1985, a plaintiff must allege, among other things, a conspiracy "motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons [of] the equal protection of the laws."[20]  Klein has not pled *any* race or class-based animus.  Instead, Klein encourages us to read her

---

[16]*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000).

[17] Reply Br. at 16.

[18] *Cf. In re Estate of Long*, 600 A.2d 619, 621 (Pa. Super. Ct. 1992) (noting that "the named beneficiary to a will does not have a property interest protected by the [F]ourteenth [A]mendment" because "the concept of property . . . does not encompass a mere expectation").

[19] Klein cites to *Ecotone Farm LLC v. Ward*, 639 F. App'x 118 (3d Cir. 2016), for the proposition that a substantive due process violation does not require "a complete destruction of the plaintiffs' property interests."  Appellant's Br. at 42.  Not only is *Ecotone Farm* not an opinion of the full court and therefore not binding, *see* I.O.P. 5.7, but it is also distinguishable.  There, town officials prevented a property owner from making otherwise legal renovations to his property.  *Ecotone*, 639 F. App'x at 126.  Here, however, Klein has not been deprived of enjoying any property that she already owns.

[20] *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

claim as one for § 1983 conspiracy. As Klein has had the benefit of counsel throughout this proceeding, we decline to do so, and instead find that this claim was also properly dismissed.

B.

We next consider Klein's argument that the District Court Judge should have recused herself. We review the denial of a recusal motion for abuse of discretion.[21] "A judge is required to recuse where his or her impartiality 'might reasonably be questioned.'"[22]

The thrust of Klein's argument is that the District Court Judge should have recused herself because she served as Administrative Judge of the Orphans' Court while Donatucci was serving as Register of Wills and Clerk of the Orphans' Court. According to Klein, it was during this time that the press began reporting on Donatucci's abuse of power.

The time period she complains of is 1996-2000. This was *sixteen years* before any of the events giving rise to the allegations in the complaint took place. Klein does not allege that the District Court Judge was particularly friendly with Donatucci, that the two remained in touch, or that the District Court Judge knew any of the other City employees involved in his alleged scheme. No reasonable person would conclude that a personal

---

[21] *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

[22] *Id.* (quoting 28 U.S.C. § 455(a)).

9

bias existed from such an attenuated relationship,[23] and the District Court Judge's impartiality in this case cannot "reasonably be questioned."[24]  The District Court therefore did not abuse its discretion in denying the motion to recuse.

III.

For the foregoing reasons, we will affirm the District Court.

---

[23] *See Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976).

[24] 28 U.S.C. § 455(a).